## JOHNSON v. F. C. AUSTIN MANUF'G CO.

(Circuit Court, D. Kansas, First Division. October 29, 1896.)

1. REMOVAL OF CAUSES—DIVERSE CITIZENSHIP—JURISDICTION—AMENDMENT.

A general averment, in a petition for removal, that the controversy is between citizens of different states, is sufficient to authorize the federal court to allow an amendment of a defective allegation, in a subsequent part of the petition, that the plaintiff is a "resident" of a state named. Carson v. Dunham, 7 Sup. Ct. 1032, 121 U. S. 427; Glover v. Shepperd, 15 Fed. 833, followed.

2. SAME—BOND.

While the removal bond should, properly, state a penal sum, yet its failure to do so is not material on a motion to remand.

This was an action at law by Charles Johnson against the F. C. Austin Manufacturing Company to recover damages for personal injuries. The case was heard on a motion to remand to the state court, from which it had been removed by the defendant

Poehler & Peairs, for plaintiff.

Alford & Savage, for defendant.

FOSTER, District Judge. The plaintiff commenced his suit against the defendant in the district court of Douglas county, Kan., to recover damages for personal injuries. At the proper time, the defendant filed its petition in the state court to remove the case to this court on the ground of diverse citizenship, at the same time presenting a bond for removal. On hearing, the state court declared the petition and bond sufficient, and ordered the case removed. The plaintiff now moves the court to remand the case by filing the following motion:

"Now comes this plaintiff and moves this court to remand the above entitled cause to the district court of Douglas county, Kansas, on the ground that this court is without jurisdiction to hear and determine the cause."

The specific grounds of the motion are these: (1) That the petition alleges that the plaintiff is a "resident" of the state of Kansas, instead of a citizen; (2) that the bond for removal names no penal sum of money.

That the first objection is well taken is so well settled by adjudicated cases that it is unnecessary to cite authorities. The defendant interposes an application to amend its petition in this respect. It has been repeatedly held by the supreme court of the United States that, when there is a want of jurisdictional averments in the record, this court gets no jurisdiction, and no amendment can be allowed. Crehore v. Railway Co., 131 U. S. 242, 9 Sup. Ct. 693; Jackson v. Allen, 132 U. S. 27, 10 Sup. Ct. 9; Stevens v. Nichols, 130 U. S. 230, 9 Sup. Ct. 518; De Loy v. Insurance Co., 59 Fed. 320; Railway Co. v. Twitchell, 8 C. C. A. 237, 59 Fed. 727. On the other hand, when the averments are sufficient to confer jurisdiction, but are imperfectly stated, an amendment may be allowed. Carson v. Dunham, 121 U. S. 427, 7 Sup. Ct. 1032; Glover v. Shepperd, 15 Fed. 833. In the first part of this petition for removal, is this averment:

"That the controversy in said suit is between citizens of different states, and that the petitioner, the defendant in the above-entitled suit, was at the time of the commencement of this action, and still is, a corporation organized and doing business under the laws of the state of Illinois, with its chief place of business at Chicago, and a citizen of the state of Illinois, and that the said plaintiff then was, and still is, a resident of the state of Kansas."

Here is a general averment that the controversy is between citizens of different states, which is the ground upon which jurisdiction is sought to be conferred upon this court, and yet that averment is not sufficiently specific, but should be followed with the further statement showing the particular state of which each party to the litigation is a citizen. I am of opinion, however, that the general averment that the controversy is between citizens of different states is sufficient, under the rule established in 121 U. S. 427, 7 Sup. Ct. 1032, to justify this court in permitting the amendment asked for; and I am the more inclined in that direction from the fact that, if there is error, the party has the right to have the record reviewed by the court of appeals, whereas an order remanding the cause leaves to the party feeling aggrieved no remedy whatever.

In reference to the bond: It should have stated a penal sum in which the principal and sureties bound themselves, but it has long ago been decided, and has become the settled law, that the injured party does not recover the specific penalty of the bond, but only such amount thereof as will cover his damages; and, as the bond is simply to secure the removal of the record to this court, which has been accomplished, and, under the provisions of the bond, doubtless, the petitioner and its security would have been bound for any damages that the adverse party might have sustained in case of failure to comply with the conditions thereof, I am of the opinion that the objection to the form of the bond is immaterial.

The defendant may have 10 days in which to amend its record, as asked for.