STADLEMANN v. WHITE LINE TOWING CO.

(Circuit Court, D. Minnesota, Fifth Division. February 25, 1899.)

REMOVAL OF CAUSES—SUFFICIENCY OF PETITION—JURISDICTIONAL FACTS.

Where a petition for removal shows that the requisite amount is involved, and alleges that plaintiff and defendant are citizens of different states, it contains sufficient to give the federal court jurisdiction of the cause, and may be amended, by leave of court, by supplying more specific allegations going to establish the same jurisdictional facts, such as the citizenship of the parties.[1]

On Motion to Remand, and Motion for Leave to Amend Petition for Removal.

A. A. Harris and John H. Norton, for plaintiff.

Davis, Hollister & Hicks and H. J. Grannis, for defendant.

LOCHREN, District Judge. This action was begun in the state district court of St. Louis county, Minn., and was removed to this court upon the petition of the defendant, which stated as grounds for removal that the amount in dispute in said action, exclusive of interest and costs, exceeds the sum of $2,000, and "that the controversy in said suit is between citizens of different states, and that your petitioner, the defendant in the above-entitled suit, was at the time of the commencement of said suit, and still is, a resident and citizen of the state of Illinois, and a nonresident of the state of Minnesota." Thereupon the plaintiff moved, upon due notice, that the action be remanded to the state court, upon the ground "that, upon the pleadings and removal papers, it is not shown that this court has jurisdiction of said cause." Upon the hearing of said motion, the defendant asks leave to amend its petition for removal by adding at the end of the third ground (above quoted) the following words: "That the said plaintiff, Gustave Stadlemann, was at the time of the commencement of said suit, ever since has been, and still is, a citizen of the state of Wisconsin, and resides at Sauk City, in said state of Wisconsin."

The case of Johnson v. Manufacturing Co., 76 Fed. 616, and authorities there cited, seem to cover all points in the present case. If the petition had failed to contain jurisdictional averments, this court would not obtain jurisdiction, and no amendment could be allowed. But it does contain the averments that the controversy is between citizens of different states, and that the amount in controversy, exclusive of interest and costs, exceeds the sum of $2,000. These are the facts upon which the jurisdiction of this court depends. Yet the averment that the controversy is between citizens of different states is not sufficiently specific, but should be followed by the further statement of the particular state of which each of the parties is a citizen. Such specific statement is made as to the citizenship of the defendant, but not as to the citizenship of the plaintiff; and it is to remedy this want of specific statement that the leave to amend is

[1] As to removal of causes, see note to Robbins v. Ellenbogen, 18 C. C. A. 86.

92 F.—14

sought. The fact, sought to be averred by the proposed amendment, that the plaintiff is a citizen of the state of Wisconsin, is an immaterial fact, except as it is a statement in detail of one of the facts necessary to complete with requisite certainty the statement of the ultimate and material fact (which is alleged) that the controversy is between citizens of different states. The proposed amendment therefore does no more than set forth in proper form, and with sufficient fullness of detail, what had originally been imperfectly stated in the petition.

Ordered, that upon payment to plaintiff's attorney of the sum of $10, allowed as costs of motion, the defendant have leave to amend its petition as requested, within 20 days after the filing hereof, and in such case said motion to remand shall stand denied. If such costs are not paid, and amendment made within such time, the said request to amend will stand as refused, and the motion to remand granted, with judgment in plaintiff's favor for costs and disbursements.