## DALTON v. GERMANIA INS. CO.

### (Circuit Court, N. D. Iowa, W. D. December 9, 1902.)

**1. FEDERAL COURTS—REMOVAL OF CAUSES—PETITION.**

A petition for removal, alleging that the controversy is wholly between citizens of different states, in that the plaintiff is now and was at the time of filing the petition in the action a citizen and resident of the state of Iowa, and the defendant "is a corporation organized, incorporated, and existing under the laws of the state of New York, and is a citizen and resident of said state, with its principal place of business in New York City, New York, and never has been and is not now a citizen or resident of the state of Iowa," was insufficient for failure to allege that defendant "was" a citizen of the state of New York at the time the suit was brought in the state court.

**2. SAME—AIDER BY PETITION.**

The petition was not cured by an averment in complainant's petition alleging that defendant is and was at all dates therein stated a corporation duly organized and authorized to do business within the state of Iowa, etc., since, if any inference as to defendant's citizenship is to be drawn from that allegation, it is that the corporation was organized within the state of Iowa.

**8. SAME—AMENDMENTS.**

Where the record on removal of a cause to the federal courts fails to show that a defendant seeking removal was a citizen of another state at the time the suit was brought, the federal court, on sustaining a motion to remand, has no power to grant leave to amend the petition of removal.

Submitted on Motion to Remand to State Court.

Martin & Martin and Wright, Call & Hubbard, for plaintiff.

McVey, McVey & Graham, for defendant.

SHIRAS, District Judge. This is a suit in equity brought originally in the district court of Plymouth county, in this state, and in due time the defendant filed a petition for the removal of the suit into this court upon the ground of diverse citizenship. Upon the filing of the transcript in this court the plaintiff moved for an order remanding the suit to the state court on the ground that the record, as it appeared in the state court, failed to show the requisite diversity of citizenship, and this is the question presented for determination. The petition for removal states:

"That the controversy in this action and every issue of fact and law therein is wholly between citizens of different states, and which can be fully determined as between them; that is to say, the plaintiff, P. F. Dalton, is now and was at the time of the filing of the petition in this action a citizen and resident of the state of Iowa, and the defendant, the Germania Fire Insurance Company, is a corporation organized, incorporated, and existing under the laws of the state of New York, and is a citizen and resident ¯of said state, with its principal place of business in New York City, New York, and never has been, and is not now, a citizen or resident of the state of Iowa."

The objection taken to this petition for removal is that with respect to the defendant it is not averred that it was a corporation created or

¶ 1. Averments of citizenship to show jurisdiction of federal courts, see note to Shipp v. Williams, 10 C. C. A. 261.

existing under the laws of the state of New York at the time when the suit was brought in the state court; the statement being, in effect, that at the date of the filing the petition for removal the defendant was a corporation created under the laws of that state. Thus, in Stevens v. Nichols, 130 U. S. 230, 9 Sup. Ct. 518, 32 L. Ed. 914, it is said: "The petition for removal does not allege the citizenship of the parties except at the date when it was filed, and it is not shown elsewhere in the record that Stevens and Mirick were, at the commencement of the action, citizens of a state other than the one of which the plaintiff was at that date a citizen;" and for that reason the supreme court, after a trial on the merits, remanded the case. The same result followed in Jackson v. Allen, 132 U. S. 27, 10 Sup. Ct. 9, 33 L. Ed. 249, it being therein stated that "it appears from the record that the citizenship of the parties at the commencement of the actions, as well as at the time the petitions for removal were filed, was not sufficiently shown, and that, therefore, the jurisdiction of the state court was never devested." These decisions settle the proposition that the averment in the petition for removal to the effect that the defendant is a corporation organized and incorporated under the laws of the state of New York refers only to the time the petition for removal was filed, and is not sufficient to show that the defendant was a New York corporation when the suit was brought.

But it is contended that this defect in the petition for removal is cured by the averment found in the petition of complainant, and it is the rule that averments of fact, lacking in the petition for removal, may be helped out by the averments found in the pleadings, as they existed in the state court when the application for removal was filed therein. In other words, if the record of the case, as it appeared in the state court, showed the requisite facts authorizing a removal of the suit, the case will not be remanded simply because the petition for removal did not within itself contain a statement of all the facts necessary to establish the right to a removal.

Turning to the petition filed by complainant, we find it therein recited "that the defendant is and was, at all dates hereinafter named, a corporation duly organized and authorized to do business within the state of Iowa, as insurer against loss and damage to property by fire." It certainly cannot be contended that the complainant intended by this averment to allege that the defendant company was a corporation created under the laws of the state of New York. The averment is that the corporation was organized to do business within the state of Iowa, and if any inference is to be drawn therefrom it is rather to the effect that the corporation was organized within the state of Iowa.

The contention of counsel is that the averment in the petition of complainant, which was filed in the state court on August 13, 1902, shows that at that date the defendant company was a corporation, and that the petition for removal, filed on September 22d, shows that on that date the company was a corporation created under the laws of the state of New York, and therefore it must be inferred that the defendant was a New York corporation on August 13th. The rule is well settled, however, that the facts necessary to terminate the jurisdiction of the state court must be clearly stated, and that the jurisdiction of

the federal court cannot be sustained on possible or even probable inferences, or, as is said in Brown v. Keene, 8 Pet. 115, 8 L. Ed. 885: "The decisions of this court require that the averment of jurisdiction shall be positive; that the declaration shall state expressly the fact upon which jurisdiction depends. It is not sufficient that jurisdiction may be inferred argumentatively from its averments."

As there is not to be found either in the petition for removal or in any other part of the record an averment to the effect that the defendant was when this suit was begun a corporation created under the laws of the state of New York or of any state other than Iowa, it cannot be held that the record shows the requisite diversity of citizenship at the date when the suit was commenced, and therefore it must be held that the record does not show facts authorizing a removal of the suit.

On behalf of defendant leave is asked to file an amendment in this court to the petition for removal for the purpose of supplying the lack of the averment necessary to show that the defendant was, when the suit was brought, a corporation created under the laws of the state of New York. The question of the right of this court to grant leave to file amendments to the petition for removal, in cases of this character, was fully considered in the suit of this same plaintiff against the Milwaukee Mechanics' Insurance Company, and the conclusion reached was that this court had not the power or right to allow amendments to be filed in cases wherein the existing record failed to show that the case was a removable one under the statutory provisions.

Following the ruling in that case, it must be held that the court cannot allow the proposed amendment to be filed, and as the record, as it now stands, does not show the facts necessary to sustain the jurisdiction of this court, the motion to remand the suit to the state court must be granted.