PEOPLE'S UNITED STATES BANK v. GOODWIN et al.

(Circuit Court, E. D. Missouri, E. D. April 23, 1908.)

No. 5,529.

1. REMOVAL OF CAUSES—FEDERAL QUESTION—HOW FACT MUST APPEAR.

It is settled law that ordinarily to warrant the removal of a cause into a federal court on the ground that it is one arising under the Constitution or laws of the United States that fact must appear from the plaintiff's petition or pleading, and that the case must be one which could have been originally brought in the Circuit Court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, §§ 58, 59.]

2. COURTS—JURISDICTION OF FEDERAL COURTS—ALLEGATIONS OF PLEADINGS.

Jurisdiction of a federal court cannot be invoked by averments in plaintiff's pleadings anticipatory of the defense and allegations that such defense is based on the Constitution or laws of the United States.

3. REMOVAL OF CAUSES—FEDERAL QUESTIONS—DEFENSE BASED ON LAWS OF UNITED STATES.

An action for libel against individuals is not removable upon averments in the petition for removal that the action complained of was taken by defendants as officers of the United States, and that such fact was fraudulently omitted from plaintiff's petition for the purpose of preventing a removal, since such fact if it had been pleaded would not have conferred original jurisdiction on the federal court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, §§ 58, 59.]

4. SAME—CAUSE IMPROPERLY REMOVED—REMAND.

A cause improperly removed under the removal act cannot be retained by the federal court on the ground that it is an action against revenue officers of the United States which might have been brought into that court by certiorari under Rev. St. § 643 (U. S. Comp. St. 1901, p. 521).

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, § 218.]

On Motion to Remand to State Court.

This is an action for libel instituted in a state court, removed on the petition of the defendants to this court, and plaintiff now moves to remand it upon the ground that the petition for removal is founded solely upon the fact that there is a federal question involved, and the original petition of plaintiff fails to show that fact. The petition charges the defendants with malicious libel in publishing and circulating certain statements concerning the plaintiff which are in the petition set out. There is nothing in the petition to show that the defendants are officers of the United States or that they were acting in an official capacity in the publication of the libel. The petition for removal sets up the fact that the defendant Goodwin was, at the time complained of, the Assistant Attorney General for the Post Office Department of the United States and the defendant Fulton Inspector in charge of the office of Post Office Inspectors of the United States; that the acts concerning plaintiff, charged in the petition, were dictated and composed by them in their official capacity, under and by virtue of the laws of the United States, and more especially the laws relating to the Post Office Department: that these facts, although well known to plaintiff, were designedly and fraudulently omitted from his petition for the purpose of preventing the removal of this cause from the state to this court.

Barclay & Fountelroy and Carter, Collins & Jones, for plaintiff.

Harry W. Blodgett, U. S. Atty., and T. P. Young, Asst. U. S. Atty., for defendants.

TRIEBER, District Judge (after stating the facts as above). There can be no longer any doubt in view of what has been determined by the Supreme Court in Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654, 13 L. Ed. 511; Postal Telegraph Co. v. Alabama, 155 U. S. 482, 15 Sup. Ct. 192, 39 L. Ed. 231; Chappell v. Waterworth, 155 U. S. 102, 15 Sup. Ct. 34, 39 L. Ed. 85; Milling Co. v. McFadden, 180 U. S. 533, 21 Sup. Ct. 488, 45 L. Ed. 656; Minnesota v. Northern Securities Co., 194 U. S. 48, 24 Sup. Ct. 598, 48 L. Ed. 870, that ordinarily, in order to justify a removal of a cause from a state to a national court on the ground that the case is one arising under the Constitution or laws of the United States, that fact must appear from the plaintiff's petition in the case. It is equally well settled that no suit can, under the present judiciary act, be removed unless it be one that plaintiff could have originally instituted in the Circuit Court. Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264. Learned counsel for the defendants, while admitting these principles of law, contend that if the suit is one against an officer of the United States for acts done in the discharge of his official duties, they do not apply, and it is sufficient if that fact is set up in the petition for removal. Other reasons are also advanced why the cause should not be remanded which will be stated later in this opinion. Counsel have been very diligent in their search for authorities to sustain this position, but a careful examination of the authorities cited shows that they are either distinguishable from the case at bar or have been reversed by the Supreme Court or overruled by the court which originally decided them.

Taking up the cases cited from the Supreme Court first, we find the following: Feibleman v. Packard, 109 U. S. 421, 3 Sup. Ct. 289, 27 L. Ed. 984, and Bock v. Perkins, 139 U. S. 628, 11 Sup. Ct. 677, 35

L. Ed. 314, are clearly distinguishable. The Feibleman Case was originally instituted in the national court and was an action on the bond of the United States marshal for trespass. Bock v. Perkins was an action of trespass instituted in a state court against the marshal and his deputies for seizing some property of the plaintiff on an attachment issued against the property of another person, and was removed by the marshal to the national court. But both of these cases arose under the Act of March 3, 1875, c. 137, 18 Stat. 470, before it was amended by the Act of March 3, 1887, c. 373, 24 Stat. 552 (U. S. Comp. St. 1901, p. 508). The distinction between these acts is fully shown in Tennessee v. Union & Planters' Bank, supra, where the court, in referring to the amendatory act of 1887, said:

"Congress, in making this change, may well have had in mind the reasons which so eminent a judge as Mr. Justice Miller invoked in support of his dissent from the original decision that an offense under the Constitution, laws, or treaties of the United States was sufficient to justify a removal by the defendant under the act of 1875. 'Looking,' said the court, 'to the reasons which may have influenced Congress, it may well be supposed that while that body intended to allow the removal of a suit where the very foundation and support thereof was a law of the United States, it did not intend to authorize a removal where the cause of action depended solely on the law of the state, and when the act of Congress only came in question incidentally as part of the defendant's plea in avoidance. In support of this view, it may be added, that he in such case is not without remedy in a federal court; for if he has pleaded and relied on such defense in the state court, and that court has decided against him in regard to it, he can remove the case into this court by writ of error, and have the question he has thus raised decided here.' The acts of 1887 and 1888, indeed, contain special provisions as to particular kinds of cases arising under the Constitution or laws of the United States. * * * But those provisions have no application to the cases now before us, and contain, to say the least, nothing tending to show that it was intended that such a case as any of these might be removed into the circuit court of the United States for trial." 152 U. S. 462, 14 Sup. Ct. 657, 13 L. Ed. 511.

For the same distinction between the acts of 1875 and 1887 Texas & Pacific Ry. Co. v. Cody, 166 U. S. 606, 17 Sup. Ct. 703, 41 L. Ed. 1132, may also be consulted. In Bankers' Casualty Co. v. M., St. P. & Ste. M. Ry. Co., 192 U. S. 371, 24 Sup. Ct. 325, 48 L. Ed. 484, it was said that "cases against United States officers, as such, or on bonds given under acts of Congress, or involving interference with federal process, or the due faith and credit to be accorded judgments, are not in point." But all that was meant by the court, as shown by the opinion, was that if the petition, on its face, showed that the action is against the defendant as such officer, or on a bond executed under and in pursuance of an act of Congress, there is jurisdiction of the cause in a national court. In the case at bar there is nothing in plaintiff's petition showing that defendants acted as officers of the government, and the only manner in which it could have invoked the original jurisdiction of the court in this cause would have been to anticipate defendant's defense, that they claimed to have acted in the publication of the alleged libel as officers of the government. That this cannot be done is well settled by numerous decisions of the courts. Tennessee v. Union & Planters' Bank, supra; Arkansas v. Coal Company, 183 U. S. 185, 22 Sup. Ct. 47, 46 L. Ed. 144; Filhiol v. Maurice, 185 U. S.

108, 22 Sup. Ct. 560, 46 L. Ed. 827; Filhiol v. Torney, 194 U. S. 356, 24 Sup. Ct. 698, 48 L. Ed. 1014, affirming Id. (C. C.) 119 Fed. 974; Joy v. St. Louis, 201 U. S. 332, 26 Sup. Ct. 478, 50 L. Ed. 776, affirming Id. (C. C.) 122 Fed. 524; Fergus Falls v. Fergus Falls Water Co., 72 Fed. 873, 19 C. C. A. 212.

In the last cited case Judge Caldwell, who delivered the opinion of the court, said:

"At law the plaintiff is never expected to state matters which should come more properly from the other side. It is sufficient for each party to make out his own case. It is sufficient for the plaintiff to state his own cause of action, and he should not anticipate his adversary's defense, for the reason that the latter may never make the defense sought to guarded against. * * * And it is equally well settled that a suggestion in a complaint in any action at law that a defendant may or will set up a defense based upon a state statute or repugnant to the Constitution, does not make the suit one arising under the Constitution, and allegations of the complaint beyond those which state a cause of action are mere surplusage. When the statement of the plaintiff's cause of action in legal and logical form, such as is required by the rules of good pleading, does not disclose that the suit is one arising under the Constitution or laws of the United States, then the suit is not one arising under that Constitution or those laws, and the Circuit Court has no jurisdiction."

In Osborn v. Bank, 9 Wheat. 738, 824, 6 L. Ed. 204, the court said:

"The right of the plaintiff to sue cannot depend on the defense which the defendant may choose to set up. His right to sue is anterior to that defense, and must depend upon the state of things when the action is brought."

In Filhiol v. Torney, supra, it was said:

"Any action by the government is matter of defense, and may never be presented by the defendant."

Such allegations are surplusage and cannot give jurisdiction. There is no act of Congress authorizing any officer of the government to commit any acts which constitute a libel, although it may be a good defense to plead, in answer to the charge, that they were officers, and that the publication was made by them in the discharge of their official duties and in reports to their superior officers, and that for this reason their acts were privileged. But this is clearly a matter of defense, and could not have been anticipated by plaintiff if it had sought to invoke the jurisdiction of this court by instituting this action originally therein. It is hardly necessary to say that this defense if set up in the state court, and, decided adversely to the defendants, such a decision could be reviewed by the Supreme Court of the United States on error to the highest court of the state.

The next case relied upon by defendant is Railway Company v. Cody, supra, and the cases following it, where it was held that the fact that the petition falsely alleged that the railway company, the defendant, was a corporation existing under the laws of the state of Texas and a citizen thereof, when in fact it was not such a corporation, but one created by an act of Congress, could not prevent a removal upon the ground that it was in fact a federal corporation, and that that fact could be shown in the petition for removal. But the removal was sustained solely upon the ground that in a case of that nature the rule governing removals on the ground of diversity of citizenship and

not that of a federal question being involved controls, and as the omission on the part of the plaintiff to set up in his petition the facts showing a diversity of citizenship, or stating it falsely, cannot cut off defendant's constitutional right as a citizen of a state other than that in which the suit was brought to choose a federal forum, so the false allegations as to citizenship of the federal corporation could not prevent the removal of the cause. The cases cited by counsel for the defendants (In re Neagle, 135 U. S. 1, 10 Sup. Ct. 658, 34 L. Ed. 55; Ohio v. Thomas, 173 U. S. 276, 19 Sup. Ct. 453, 43 L. Ed. 699; Campbell v. Waite, 88 Fed. 102, 31 C. C. A. 403) can have no application to a removal of a cause of this nature. In those cases the questions involved were the power of national courts to grant the writ of habeas corpus to determine whether the petitioner is unlawfully deprived of his liberty by state officers for acts alleged to have been committed by him by authority of a law of the United States. Nor are the cases determined by the courts inferior to the Supreme Court, which counsel for the defendants have cited, any more in point on that question.

In Eighmy v. Poucher (C. C.) 83 Fed. 855, which was an action for malicious prosecution for having caused the plaintiff to be indicted, arrested, and tried for an alleged violation of the pension laws of the United States, the complaint showed on its face that "during all the time and times above mentioned the said defendant was the United States Attorney, duly commissioned by the United States." Wood v. Drake (C. C.) 70 Fed. 881, practically sustains defendants' contention, but in State v. Island Lime Co. (C. C.) 117 Fed. 777, the same learned judge who had decided Wood v. Drake admitted that that case had in effect been overruled by the Supreme Court, and for this reason he expressly overruled it. Winters v. Drake (C. C.) 102 Fed. 545, involved the right of removal by a receiver appointed by a court of the United States, and was overruled as to that question in Gableman v. Railway Co., 179 U. S. 335, 21 Sup. Ct. 171, 45 L. Ed. 220. As to the other part of the opinion which it is claimed is not affected by the Gableman Case, it is sufficient to say that it has no application to the issues before the court in this case. In that case the complaint showed on its face that the defendant was a receiver of a railroad, and that the cause of action was based upon his alleged negligence as such receiver in the management of the railroad, although it failed to allege that he had been appointed such receiver by a court of the United States. The removal was sustained by the court upon the ground that it would take notice of the fact that he had been appointed receiver by that court. The reasoning of the court was that:

"The defendant's representative capacity may be stated less technically and precisely than a plaintiff's, and, of course, being largely a matter of evidence, as to him the implication in pleading is the more readily indulged. 8 Enc. Pl. & Prac. 683. The rule permitting implication in pleading as to the name of the court appointing an administrator, according to the fact, adjusts itself still more readily to the case of suits against receivers, though no case has been found ruling the point."

In Speckart v. German National Bank (C. C.) 85 Fed. 12, it was held that a cause may be removed by a receiver of a national bank who,

on his own petition, was made a party defendant, although the time within which the original defendant could have removed the cause, had expired before that time. The decision of the court was upon the authority of Powers v. Railway Company, 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673, and for the sole reason that as the right to remove did not exist until the receiver became a party defendant to the cause, he could not have removed it sooner, and for this reason was in time. This disposes of all cases cited by counsel for the defendants on that subject.

A case which is practically decisive of this matter is Walker v. Collins, 167 U. S. 57, 17 Sup. Ct. 738, 42 L. Ed. 76. In that case the plaintiff instituted an action against the defendant Walker, who was a United States marshal, and his deputies for an unlawful seizure of his property. The defendants justified their act upon the ground that they had acted as officers of the United States by virtue of a writ of attachment issued out of the Circuit Court of the United States, and thereupon filed a petition for removal upon the ground that their plea raised a federal question. A motion to remand was filed, but not acted on by the Circuit Court, nor passed upon by the United States Circuit Court of Appeals, to which court the cause was twice taken. 50 Fed. 737, 1 C. C. A. 642; 59 Fed. 70, 8 C. C. A. 1. In the Supreme Court the question of jurisdiction was raised, and it was held that the cause was improperly removed because the complaint failed to show on its face that a federal question was involved. The court said:

"As in the complaint in the case at bar there are no facts averred showing that the controversy was one arising under the laws of the United States, and it was not essential to the statement of the cause of action that such facts should be averred, the case comes directly within the operation of the ruling cited."

To cite the many cases following Walker v. Collins, and those cited in the first part of this opinion to this point, would serve no useful purpose, as they may be found in Rose's Notes on United States Reports.

But it is urged that even if defendants erred in removing this cause, under the provisions of section 2 of the act of March 3, 1887, it could have been brought into this court by certiorari under section 643, Rev. St. (U. S. Comp. St. 1901, p. 521), it being claimed that the defendants are revenue officers, and, for that reason, the cause should not be remanded, but the court should treat it as removed under that section. Assuming, without deciding, that the Assistant Attorney General for the Post Office Department and Post Office Inspectors are revenue officers within the meaning of section 643, Rev. St., has the court the power to act as suggested by counsel? That the court may permit amendments of immaterial matters where the jurisdiction is apparent from the face of the record is true. Cases in point on that question are Kinney v. Columbia, etc., Ass'n, 191 U. S. 78, 24 Sup. Ct. 30, 48 L. Ed. 103; Johnson v. Manufacturing Co. (C. C.) 76 Fed. 616; Stadlemann v. White Line Co. (C. C.) 92 Fed. 209. Still, this does not justify the court in sustaining defendants' contention. An examination of these two provisions of the statutes will show that the proceedings are different entirely. In the one instance the petition is presented to the state court, and the order for removal made by that court. In

the other the petition is presented to the court of the United States and a ceriorari ordered by that court.

In First National Bank v. Title & Trust Co., 198 U. S. 280, 25 Sup. Ct. 693, 49 L. Ed. 1051, the cause had been removed to the United States Circuit Court of Appeals from the District Court on appeal under section 25a of the bankruptcy act of July 1, 1898, c. 541, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432), when it should have been removed for review of matters of law under section 21b of that act, and it was held that that was fatal, and the cause was remanded to the Circuit Court of Appeals, with directions to dismiss the appeal.  For the court to treat the action now as removed under section 643 would practically amount to an amendment of a record which fails to show jurisdiction of the court.  This is not permissible.  Crehore v. Railway Co., 131 U. S. 210, 9 Sup. Ct. 692, 33 L. Ed. 144; Martin v. Railway Co., 151 U. S. 673, 14 Sup. Ct. 510, 38 L. Ed. 318; Dalton v. Germania Insurance Co. (C. C.) 118 Fed. 936; Shane v. Butte Electric Railway Co., (C. C.) 150 Fed. 801.

In Bryant Bros. Co. v. Robinson, 149 Fed. 321, 79 C. C. A. 259, on which defendants confidently rely, the cause had been improperly removed under section 643, but the record further showed that the state court, from which the cause had been removed, had also ordered it removed, although it failed to show that a petition or bond for removal had been filed in that court.  The original complaint showed on its face that the action was one arising under the laws of the United States, it being sought to enjoin the defendant, who was postmaster at Dallas, Tex., from withholding mail addressed to plaintiff, in pursuance of an order of the Postmaster General, and for this reason the court held that as it appeared from the face of the complaint that the cause was one of which the national court had jurisdiction, and that the state court had made an order for the removal, the court would treat it as properly removed under the act of 1887.  Nothing of that kind appears in plaintiff's petition in this case.

It is also claimed that plaintiff's petition omitted to state the fact which was well known to it, that these defendants acted solely in their official capacity, which fact, it is charged, was concealed for the fraudulent purpose of preventing a removal to this court.  This allegation is made in defendants' petition for removal, which was duly verified and is not denied by plaintiff.  That the courts of the United States will, in cases of fraud, or concealment of facts known to plaintiff, if resorted to for the purpose of preventing a removal of the cause from a state to a national court, disregard the fraudulent statement or omission, has been conclusively settled in Wecker v. National Enameling Co., 204 U. S. 176, 27 Sup. Ct. 184, 51 L. Ed. 430, but it must appear on the face of the record or from the evidence offered that but for that omission or fraudulent statement the cause would have been one which could have been brought originally in a national court.

In the case at bar there are no misstatements of facts in the petition: and what defendants claim are fraudulent omissions to defeat the removal could not have been pleaded by the plaintiff for the purpose of conferring jurisdiction on the Circuit Court, as it would have antic-

ipated defendants' defense which, as has been shown hereinbefore, cannot be done.

Upon the pleadings in this case, this court could not have assumed original jurisdiction, and unless that could be done, there can be none on removal. In re Wisner, supra.

The motion to remand is sustained.