VESTAL v. DUCKTOWN SULPHUR, COPPER & IRON CO., Limited.

(District Court, E. D. Tennessee, S. D. December 9, 1911.)

No. 1098.

1. REMOVAL OF CAUSES (§ 86*)—CITIZENSHIP OF PARTIES—SUFFICIENCY OF AVERMENT—CORPORATION.

The averment in a petition for removal that a defendant corporation is a resident of a given state, domestic or foreign, is equivalent to an averment that it is a corporation under the laws of that state and a citizen thereof, within the meaning of the statutes relating to the jurisdiction of the federal courts.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 132, 166–179; Dec. Dig. § 86.*]

2. REMOVAL OF CAUSES (§ 86*)—DIVERSITY OF CITIZENSHIP—HOW SHOWN.

To render a cause removable on the ground of diversity of citizenship, it is not essential that such diversity be specifically alleged in the pleadings, or, if alleged, that it should be in the language of the statute; but it is sufficient if facts from which such diversity follows as a legal conclusion appear from the record.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 132, 166–179; Dec. Dig. § 86.*]

3. REMOVAL OF CAUSES (§ 107*)—PETITION FOR REMOVAL—AMENDMENT.

Where a petition for removal contains a general statement of jurisdictional facts, but in an informal way, an amendment may be allowed to make the allegations of such facts specific.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 178, 225–232, 234; Dec. Dig. § 107.*]

4. COURTS (§ 272*)—JURISDICTION OF FEDERAL COURTS—SUIT AGAINST ALIEN.

A suit in a federal court by a citizen of a state against an alien defendant may be brought and maintained in any district in which service can be had on the alien defendant.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 811; Dec. Dig. § 272.*]

At Law. Action by J. H. Vestal against the Ducktown Sulphur, Copper & Iron Company, Limited. On motion to remand to state court. Denied.

This suit was commenced in the Circuit Court of Polk County, Tennessee, by the issuance of a summons requiring the defendant, "a mining corporation," to appear and answer the plaintiff in an action of damages for injury to property in the sum of $7,500.00. The defendant seasonably filed in the State court its petition for the removal of the case to this court, in which, after making proper averments as to the jurisdictional amount involved, it further alleged "that at the time of the institution of this suit and ever since that time it was, and still is, a nonresident of the State of Tennessee and a resident of the United Kingdom of Great Britain and Ireland, and of no other State," and "that the plaintiff herein was at the time of the institution of this suit, and still is, a citizen of the State of Georgia and of no other State." An order of removal having been made by the State court and a transcript of the record filed in this court, the plaintiff moved to remand the cause to the State court, because, 1st, the necessary diversity of citizenship of the parties was not shown to exist; and, 2nd, neither of the parties was shown to be a citizen or resident of the Eastern District of Tennessee. The defendant thereupon moved for leave to amend its petition for removal so as to specifically allege that it was a corporation created and existing under the laws of Great Britain and Ireland, and a citizen thereof.

Mayfield & Mayfield, of ·Cleveland, Tenn., and J. B. Sizer, of Chattanooga, Tenn., for plaintiff.

W. B. Miller, of Chattanooga, Tenn., for defendant.

SANFORD, District Judge.   [1, 2] 1. The sole ground upon which the defendant bases the right of removal is that this suit presents a controversy between the plaintiff, a citizen of the State of Georgia, and the defendant corporation, a citizen of Great Britain and Ireland, which is removable to the Federal Court by the defendant, being a non-resident of Tennessee, under sections 1 and 2 of the Act of March 3, 1875, c. 137, 18 Stat. 470, as amended by the Act of August 13, 1888, c. 866, § 1, 25 Stat. 433 (U. S. Comp. St. 1901, p. 508).

The theory of the first ground of the motion to remand is that while the petition for removal averred that the defendant is and was a non-resident of Tennessee and a resident of Great Britain and Ireland and of no other State, it did not aver that the defendant is and was a citizen of Great Britain and Ireland.   In support of this contention the plaintiff relies upon the general rule that citizenship is not the same as residence, and that where Federal jurisdiction depends upon the citizenship of the parties, their citizenship and not their residence, must be distinctly shown by the record.   Robertson v. Cease, 97 U. S. 647, 24 L. Ed. 1057, and other cases.   Upon examining these cases, however, it appears that this rule has only been stated in cases involving the citizenship of natural persons, which may clearly, in many instances, be different from their residence.   In the present case, however, it appears from the original summons that the defendant is a corporation.   And the question is thus directly presented as to whether or not the averment in a petition for removal that a defendant corporation is a resident of a given State, domestic or foreign, is equivalent to an averment that it is a corporation under the laws of that State and a citizen thereof within the meaning of the statutes relating to the jurisdiction of the Federal courts.   There appears to be no direct authority upon this precise question.   As said, however, in Shaw v. Quincy Co., 145 U. S. 444, 450, 12 Sup. Ct. 935, 937 (36 L. Ed. 768), the doctrine has been often re-affirmed by the Supreme Court "that the legal existence, the home, the domicile, the habitat, the residence, the citizenship of the corporation can only be in the State by which it was created, although it may do business in other States whose laws permit it."   While this rule has only been applied to the extent of holding that the residence of a corporation necessarily follows its citizenship, that is, that it is by necessary inference of law, a resident of the State under whose laws it is created, it appears to follow conversely, that an averment that a corporation is a resident of a certain State necessarily implies, as a conclusive inference of law, that it is a corporation created and existing under the laws of that State, or, as it is termed, a citizen of that State, since otherwise it would be impossible for it, under the doctrine repeatedly recognized by the Supreme Court, to be a resident of that State.   I therefore conclude that under the whole record, including the summons and the averment of the petition for removal, as it appears that the defendant is and was a corporation,

which is and was a non-resident of Tennessee and a resident of Great Britain and Ireland and of no other State, it necessarily follows, as a conclusion of law, that it is and was a corporation created and existing under the laws of Great Britain and Ireland and a citizen thereof within the meaning of the jurisdictional Statutes in question. It is true that in cases where Federal jurisdiction depends upon diversity of citizenship this fact must distinctly appear. However, it is not essential that such diversity of citizenship be averred in the pleadings if it otherwise affirmatively appear in the formal record. Robertson v. Cease, 97 U. S. 646, 24 L. Ed. 1057; Grace v. Ins. Co., 109 U. S. 278, 3 Sup. Ct. 207, 27 L. Ed. 932. And further it is not necessary that the diversity of citizenship be alleged in the language of the Statute, provided the facts appear from which diversity of citizenship follows as a legal conclusion. Anderson v. Watt, 138 U. S. 694, 11 Sup. Ct. 449, 34 L. Ed. 1078.

I am therefore of opinion that the first ground of the motion to remand is not well taken.

[3] 2. And while for the reasons above stated I am of opinion that the citizenship of the defendant as an alien corporation sufficiently appeared from the record, I, nevertheless, think it proper to allow the petition for removal to be amended so as to specifically aver that the defendant is and was a corporation created and existing under the laws of Great Britain and Ireland and a citizen thereof, as prayed by the defendant; such amendment being permissible by analogy to the general rule that where a petition for removal contains a general statement of jurisdictional facts, but in an informal way, an amendment may be allowed so as to make sufficient specific allegations establishing the same jurisdictional facts. Ayres v. Watson, 113 U. S. 595, 5 Sup. Ct. 641, 28 L. Ed. 1093; Robertson v. Ins. Co. (C. C.) 68 Fed. 173; Johnson v. Mfg. Co. (C. C.) 76 Fed. 616.

[4] 3. The second ground of the motion to remand is that it does not appear that either the plaintiff or the defendant is a citizen or resident of the Eastern District of Tennessee. This ground of the motion is apparently based upon the theory that there would have been no jurisdiction of this controversy as an original suit unless either the plaintiff or defendant resided in the Eastern District of Tennessee, and that hence the cause was not removable to this court by analogy to the rule stated in cases of controversies between citizens of different States in Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264. The condition precedent for the application of the rule of the Wisner case is, however, lacking in the present case, since the provisions of the Act of March 3, 1875, c. 137, as amended by the Act of August 3, 1888, c. 866, that no civil suit shall be brought in the Circuit Courts of the United States against any person in any other district than that whereof he is an inhabitant, and that where the jurisdiction is founded only upon the fact that the action is between citizens of different states, the suit shall be brought only in the district of the residence of either the plaintiff or the defendant, have no application to a suit by a citizen of a State against an alien defendant; but such suits may be brought and maintained in any Circuit Court of the United States in which service can be had upon the alien defend-

ant: In re Hohorst, 150 U. S. 653, 14 Sup. Ct. 221, 37 L. Ed. 1211; Barrow Steamship Co. v. Kane, 170 U. S. 100, 18 Sup. Ct. 526, 42 L. Ed. 964; Ladew v. Tenn. Copper Co. (C. C.) 179 Fed. 245, 253.

. 4. An order will accordingly be entered granting the defendant's motion to amend the petition for removal as prayed, and overruling the plaintiff's motion to remand the cause to the State court.