### MORSE v. HIGGINS.

### Petition of HIGGINS.

(District Court, D. New Hampshire. April 18, 1921.)

Removal of causes ⬱19 (10) —Proceeding not allowed, where petition did not show any connection between officer's acts and revenue statute.

    A proceeding against a national prohibition agent, appointed under National Prohibition Law, § 38, for an alleged unlawful search, will not be removed from the state court to the federal court, under Judicial Code, § 33 (Comp. St. § 1015), providing for removal of suits and prosecutions against officers appointed under or acting by authority of the revenue laws, and on account of acts done under color of such laws, where it was not shown that there was any rational connection between the prohibition agent's appointment and his acts, and the customs or revenue laws of United States, for the prohibition law is penal in its nature.

At Law. An action by Frank Morse against James A. Higgins was begun in the state court, and defendant petitions for certiorari to remove the same to the federal court. Petition denied.

See, also, 273 Fed. 832.

John M. Stark and Robert W. Upton, both of Concord, N. H., for plaintiff.

Fred H. Brown, U. S. Atty., of Somersworth, N. H., for defendant.

ALDRICH, District Judge. It does not seem clear that there is authority for ordering this case removed under the allegations of the petition. The allegations are that the petitioner was appointed prohibition agent under section 38 of the National Prohibition Act (41 Stat. 319), but there is no allegation as to the officer by whom the petitioner was appointed. That section provides that the Commissioner of Internal Revenue and the Attorney General of the United States are authorized to appoint and employ assistants for the enforcement of the provisions of the act. But the National Prohibition Act, in the substantial sense, is a penal law, which prohibits and regulates the use of intoxicating beverages. It has some incidents with respect to revenue, but it would hardly seem justifiable to remove this case under section

⬱For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

33 of chapter 3 of the Judicial Code (Comp. St. § 1015), which is the section upon which the petitioner bases his claim for removal, because that section has reference to suits and prosecutions against officers appointed under or acting by authority of revenue laws, and on account of acts done under color of office or of such laws.

It would seem that, in order to justify removals under this section, the acts complained of should have some rational connection with official duties under a revenue law, or with authority contemplating such duties. See Bank v. Goodwin (C. C.) 162 Fed. 937, where there is considerable discussion of the question.

It is hardly worth while, under this petition, to go into much discussion of the general question, because it seems that section 38 of the Prohibition Act has reference to the Commissioner of Internal Revenue and the Attorney General. In United States v. Hill, 123 U. S. 681, 8 Sup. Ct. 308, 31 L. Ed. 275, it was sought to maintain a writ of error in the Supreme Court on the ground that the money collected was for fees collected by the clerk of the court of the United States for naturalization. There it is said that the section of the statute which provides for the payment by the clerk into the treasury of surplus moneys received from fees was not a thing done under a revenue law within the meaning of section 699, Rev. St.

Judge Trieber goes into a very considerable discussion of the question of removal (162 Fed. 944), and says in effect that if Congress had desired to extend the benefits of the Removal Act to officers of all departments of the government, who might, incidentally, collect moneys which have to be covered into the treasury, and for that reason become revenue, it would have used language which would have left no doubt as to its intention.

Judge Woodruff, in a case cited by Judge Trieber, said that the legislation of 1833 was for the protection of officers of the customs, and that of 1864 and 1866 for the protection of internal revenue officers and their subordinates.

The petition in question sets out the declaration in the writ pending in the state court. That declaration alleges that the acts were done willfully and maliciously and without probable cause. There is nothing in the petition for certiorari which shows the authority or the circumstances under which Higgins was operating in respect to the search in question.

The petition does not show under whose authority or by whose appointment Higgins was acting, or by whom warrant was issued.

Before ordering such a case as this out of the state court, I should want to see clear authority for doing it.

While I think the petition should be denied as it now stands, I make no intimation as to what the situation would be if there were allegations, properly supported, creating some rational connection between Higgins' appointment, and things done by Higgins, and the customs or revenue laws of the United States.

The case of Feibelman v. Packard, 109 U. S. 429, 3 Sup. Ct. 289, 27 L. Ed. 984, was one in which removal in a case relating to a proceeding in bankruptcy was sustained, upon the ground that the suit arose un-

der a law of the United States. The ground upon which the removal was sustained does not clearly appear, further than that the suit arose under a law of the United States.

I should not want to intimate in advance what the situation would be if there should be a petition in which it should be made to appear that the case pending in the state court arose under a law of the United States. It would be time to deal with such a question as that when it arises.

It must be observed that the declaration in the writ is not based on the idea that the law was unconstitutional, but rather upon the wrongful and unreasonable manner involved in the circumstances of the search.

There is another view that may, or may not, have some bearing, and that results because concurrent jurisdiction as to the Prohibition Act is supposed to exist in the federal and state courts.

Before ordering the removal of such a case as this from the state court, I should want to see my authority to do it more clearly than I do under this petition.

Under the aspect of the present petition I think certiorari must be denied; and it is denied.