**Thomas B. PRESTON,**

v.

**Ed EDMONDSON, Richard L. Heiligman, Ralph L. Heskett and Beulah Lyne.**

**Gerald R. PRESTON**

v.

**Ed EDMONDSON, Richard L. Heiligman, Ralph L. Heskett and Beulah Lyne.**

Nos. 6598, 6599.

United States District Court
N. D. Oklahoma.
Jan. 31, 1967.

Thomas N. Brown, Bartlesville, Okl., for plaintiffs.

George & Kenan, Oklahoma City, Okl., Tillman, Heskett & Heskett, Bartlesville, Okl., Warren Watkins, Claremore, Okl., for defendants.

## ORDER

DAUGHERTY, District Judge.

The Court has under consideration plaintiff's motion to remand this case to State Court on the grounds that defendant Ed Edmondson, as a member of the United States House of Representatives, is not an *officer of the United States* or in the alternative was not acting *under color of his office* as a member of the United States House of Representatives when he issued a press release regarding certain information furnished to the Fair Campaign Practices Committee, an organization created in 1954 on recommendation of the United States Senate and which possesses a quasi-governmental status.

As grounds for removal to this Court the defendants contended that at all times pertinent herein the defendant, Ed Edmondson, was a United States Representative for the Second Congressional District of the State of Oklahoma; that he was an "officer of the United States," and that he was acting "under color of such office" within the meaning of the federal officer removal statute, Title 28 U.S.C. Section 1442(a) (1).

The aforesaid statute confers upon a federal officer "an independent jurisdictional right to remove either a state civil action or criminal prosecution * * *" from a state to a federal court, wholly apart from the general removal statute, Title 28 U.S.C. Section 1441. 1A Moore's Fed.Pract. (2d ed.) para. 0.164, p. 825. Therefore, there is no necessity to inquire into diversity of citizenship and jurisdictional amount if the requirements of the federal officer removal statute are satisfied. If the jurisdictional facts for removal under Title 28 U.S.C. Section 1442(a) (1) do not appear in the Complaint (Petition) they may be supplied by the removal petition and supporting exhibits. Poss v. Lieberman, (E.D.N.Y.–1960) 187 F.Supp. 841, affirmed 299 F.2d 358 (1962), cert. denied 370 U.S. 944, 82 S.Ct. 1585, 8 L.Ed.2d 816 (1962). Moreover, the Court will take judicial notice of the fact that Ed Edmondson is the United States Representative for the Second Congressional District of the State of Oklahoma and he was a United States Congressman at all times pertinent herein.

The Court finds and concludes that it is within the intent and meaning of Title 28 U.S.C. Section 1442(a) (1) that the term "officer of the United States" includes a United States Congressman and, therefore, the defendant Ed Edmondson as a member of the United States House of Representatives. In Harless v. Lockwood, 85 Ariz. 97, 332 P.2d 887, 68 A.L.R.2d 1314 (Arizona–1958) the Court held as follows: "Furthermore, there can be no doubt but that a member of Congress is not, strictly speaking, a state officer. He does not represent the state, but represents the people of the United States in the district from which he is elected. He is a United States Officer." Also see Volume 54 Am.Jur., Section 12, page 530. And see Meredith v. Van Oosterhout, (Eighth Cir.–1960) 286 F.2d 216, cert. denied 365 U.S. 835, 81 S.Ct. 749, 5 L.Ed.2d 745, and

Martin v. Wyzanski, (D.Mass.–1961) 191 F.Supp. 931, which hold a United States Judge to be an officer of the United States.

■ The second facet of the removability of this action under said statute is whether or not the act complained of (the defendant Ed Edmondson issuing said press release) was done "under color of such office." The alleged libel is shown as Exhibit A to plaintiff's Complaint (Petition). For an act to be under color of office the same must have some rational connection with official duties. People's United States Bank v. Goodwin, (C. C.Mo.–1908) 162 F. 937; Morse v. Higgins, (D.C.N.H.–1921) 273 F. 830. It is not necessary that the act be done strictly in pursuance of official duties. Commonwealth of Virginia v. De Hart, (C.C.Va.–1902) 119 F. 626. The scope and course of employment test does not apply. Ebersole v. Helm, (E.D.Pa.–1960) 185 F.Supp. 277. But the acts must come within the scope of necessary incidents of the duties of the office involved. Brenner v. Kelly, (D.Minn.–1962) 201 F.Supp. 871.

■■ The Court finds and concludes that a press release made by a United States Congressman involving a Governmental matter of interest and concern to his constituents is an act done under color of his office as an officer of the United States within the meaning of the federal officer removal statute, supra. Here the press release made by the defendant Ed Edmondson, a United States Congressman at the time, involving alleged federal election law violations in his District as reported to a quasi-governmental agency designed to receive the same and act thereon and of interest and concern to the constituents of his Congressional District, was done under color of his office within the meaning of Title 28 United States Code 1442(a) (1). This is so notwithstanding the alleged federal election law violations involved the Congressional race in which he was a candidate. Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959).[1]

■■ For the purpose of determining removability only, the Court finds the act complained of in issuing the press release is sufficiently connected with the defendant's duties under the circumstances to justify the finding that it was done under color of office. When the authorities are compared and analyzed, there is no fixed or immutable concept of color of office and the boundaries of the statutory language are not well-defined. Although the statute does not automatically grant a federal official immunity from the state courts, it has vested fed-

[1] This case pertains to a member of the executive department and not a legislator but it appears to be authority for the proposition that a press release in these times is standard practice with many governmental agencies and may be an action in line of duty and under color of office. Note the following language from said opinion:

" * * * The question is a close one, but we cannot say that it was not an appropriate exercise of the discretion with which an executive officer of petitioner's rank is necessarily clothed to publish the press release here at issue in the circumstances disclosed by this record. * * *

"The issuance of press releases was standard agency practice, as it has become with many governmental agencies in these times. We think that under these circumstances a publicly expressed statement of the position of the agency head, announcing personnel action which he planned to take in reference to the charges so widely disseminated to the public, was an appropriate exercise of the discretion which an officer of that rank must possess if the public service is to function effectively. It would be an unduly restrictive view of the scope of the duties of a policy-making executive official to hold that a public statement of agency policy in respect to matters of wide public interest and concern is not action in the line of duty. That petitioner was not required by law or by direction of his superiors to speak out cannot be controlling in the case of an official of policy-making rank, for the same considerations which underlie the recognition of the privilege as to acts done in connection with a mandatory duty apply with equal force to discretionary acts at those levels of government where the concept of duty encompasses the sound exercise of discretionary authority."

eral officials acting under color of office a broad mantle of removal. To be under color of office, there only has to be a connection, albeit casual, with official duties which can reasonably be interpreted as an official rather than a purely personal act. Perez v. Rhiddlehoover, (E.D.La.–1965) 247 F.Supp. 65; Logemann v. Stock, (D.Neb.–1949) 81 F.Supp. 337.

The plaintiff's Motion to Remand is denied and the entire case will proceed to judgment in this Court. Horne v. Aderhold, et al., (N.D.Ga.–1932) 1 F. Supp. 690; Jones v. Elliott, (E.D.Va.–1950) 94 F.Supp. 567. The plaintiff is granted fifteen (15) days from date hereof in which to file a Response with supporting brief to defendants' Motions to Consolidate, Dismiss, and for More Definite Statement.