Jack A. ARTHUR, Jr., Pershin G. McCarter, Alan Stalcup, Wendell E. Burnette and Sam Stalcup

v.

George FRY.

Civ. A. No. 6536.

United States District Court
E. D. Tennessee, N. D.

Feb. 18, 1969.

See also D.C., 300 F.Supp. 622.

Earl R. Hendry, Hendry & Sykes, Gatlinburg, Tenn., for petitioner.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., for respondents.

## MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

Jack A. Arthur, Jr., and four other citizens of Sevier County filed a bill in the Chancery Court at Sevierville on January 31, 1969 seeking to enjoin George Fry, defendant, from closing U. S. Highway 441, or Tennessee Highway 73, within the boundaries of the Great Smoky Mountain National Park, or from interfering with commercial traffic over said highway.

A removal petition was filed on February 5, 1969 removing the case to this Court. The petition was filed pursuant to Title 28 U.S.C. Section 1442 upon the theory that defendant was being sued in his capacity as Superintendent of the Great Smoky Mountain National Park, which Park is operated by the United States Government under the Department of Interior. The petition asserted that defendant was acting within the scope of his employment and under color of his office.

■ It should be noted in passing that the charge that a Government officer is acting within the performance of his duties alone is an insufficient ground for removal under 28 U.S.C. Section 1442(a) (1). Galbert v. Shivley, 186 F.Supp. 150 (D.C.Ark., 1960).

A motion to remand was filed on February 11, 1969 based upon the grounds that the construction of an act of the Tennessee Legislature was involved and a question of fact as to whether or not a condition precedent to the closing of U. S. Highway 441, or Tennessee Highway 73, had occurred. The condition precedent relied upon is that the Park road could not be closed until the proposed interchange of Highway I–40 with U. S. 19 near Waynesville, North Carolina is completed.

On February 17, 1969 the Government amended its petition for removal by pointing out that it relied specifically on Title 28 U.S.C. § 1442(a) (1) [1] as a basis for removal.

It is to be noted that the wording of this section is different from the wording in Section 28 U.S.C. § 1442(a) (3).[2]

■ Thus, it is to be observed that removal may be had if the officer acted under color of office *or in the performance of his duties* under Title 28 U.S.C. § 1442(a) (3). Section (a) (1) does not contain the language "in the performance of his duties." In order to remove under Section (a) (1) it must appear that the officer was acting under "color of office."

The original petition and the amended petition each charge that at the time the alleged acts complained of in the original bill occurred, defendant Fry was acting within the scope of his employment and under color of his office. That is, he was acting pursuant to his authority as Superintendent of the Great Smoky Mountain National Park. The amended petition further charges that defendant Fry

1. "(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
   "(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue."

2. "(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
   *  *  *  *  *  *  *
   "(3) Any officer of the courts of the United States, for any Act under color of office or in the performance of his duties;"

was acting pursuant to the authority set out in Title 36 C.F.R., parts of which are set out in the amendment.

Title 36 C.F.R., Chapter 1, Section 5.6 (b) provides:

"(b) The use of government roads within park areas by commercial vehicles, when such use is in no way connected with the operation of the park area, is prohibited, except that in emergencies the Superintendent may grant permission to use park roads."

The amended petition further asserts that defendant Fry was acting pursuant to statutes of Congress and the rules and regulations promulgated thereunder as set out in Code of Federal Regulations heretofore mentioned.

 To remove under Section 1441, which is the general removal section, the jurisdictional requirements must appear from the complaint and only the complaint.

 To remove under Section 1442 the removal petition may be looked to for the jurisdictional facts, if the complaint does not state them. Peoples U. S. Bank v. Goodwin et al., 160 F. 727 (C.C.E.D. Mo., 1908); Peoples U. S. Bank v. Goodwin, 162 F. 937 (C.C.E.D.Mo., 1908); Poss v. Lieberman, 187 F.Supp. 841 (D.C. E.D.N.Y., 1960); Preston v. Edmondson, 263 F.Supp. 370, 372 (D.C.N.D.Okla., 1967).

 For an act of a Government officer to be under color of office, the act must have some rational connection with his official duties. Peoples U. S. Bank v. Goodwin, supra; Preston v. Edmondson, supra.

 If the officer is acting under Federal right or authority, he is acting under color of office. Tennessee v. Davis, 100 U.S. 257, 25 L.Ed. 648; State of Oklahoma v. Willingham, 143 F.Supp. 445, 447 (D.C.E.D.Okla., 1956).

 We believe that the petition for removal, as amended, shows that the alleged act of Fry in prohibiting commercial vehicles to use park roads has a rational connection with his office as Superintendent of Parks. This view is strengthened by the Federal Regulations, parts of which are set forth in the complaint.

 Petitioners argue that since a construction of a state statute may be involved that the federal court should defer to the state court to construe Tennessee law. This claim alone is not sufficient to deny defendant access to the federal court.
See: Brenner v. Kelly, 201 F.Supp. 871 (D.C.D.Minn., 1962); Morgan v. Willingham, 383 F.2d 139 (C.A.10, 1967).

 Neither the claim of petitioners that a construction of a state statute is involved nor that the condition precedent had not occurred at the time the defendant acted is sufficient to deprive the defendant from access to the federal court.

The Court concludes that defendant Fry was acting under color of his office as Superintendent of the Great Smoky Mountain National Park at the time he allegedly committed the acts complained of in the bill.

Petitioners' motion to remand must therefore be denied.