**HILL PARENTS ASSOCIATION, Inc.**

v.

**Robert N. GIAIMO.**

**Civ. No. 12548.**

United States District Court
D. Connecticut.

June 24, 1968.

Catherine G. Roraback, New Haven, Conn., for plaintiff.

W. Paul Flynn, of Kopkind & Flynn, New Haven, Conn., for defendant.

TIMBERS, Chief Judge.

Plaintiff, Hill Parents Association, Inc., commenced this libel action against Congressman Robert N. Giaimo in the

Superior Court, New Haven County, on April 15, 1968. On May 10, 1968, defendant filed a timely petition to remove the action to this Court pursuant to 28 U.S.C. § 1442. Plaintiff moves to remand the action to the Superior Court pursuant to 28 U.S.C. § 1447(c).

The alleged libel occurred in the course of an interview of defendant on WNHC-TV, Channel 8. Defendant in his petition for removal alleges that as the elected Representative from the Third Congressional District of Connecticut to the Congress of the United States he is an officer of the United States. It is further alleged that "at the times mentioned in plaintiff's complaint petitioner was acting solely under color of his office and in the performance of the duties of his office in that he was interviewed as a member of the Congress of the United States as a part of a public service broadcast on WNHC-TV, Channel 8, and all of the acts done by petitioner in connection with the matter set forth * * * were committed by him under color of his said office and in the performance of his duties as such officer."

Congress in 28 U.S.C. § 1442(a) has provided in relevant part that:

"A civil action * * * commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office * * *
* * *
(3) Any officer of the courts of the United States, for any act under color of office or in the performance of his duties;
(4) Any officer of either House of Congress, for any act in the discharge of his official duty under an order of such House."

Plaintiff, in moving to remand, contends that since defendant does not allege that he was acting under an order of Congress at the time of the alleged libel as required by 28 U.S.C. § 1442 (a)(4), removability depends on the applicability of 28 U.S.C. § 1442(a)(1). Plaintiff then argues that a Congressman is not an officer of the United States within the meaning of Section 1442(a) (1) which plaintiff claims is limited to executive officials. In support of this argument plaintiff points to the special provision for Congressmen in Section 1442(a)(4) and the special provision for judicial officers in Section 1442(a) (3) which, it is contended, would be superfluous if Section 1442(a)(1) covered all such officials.

As a second reason for remand, plaintiff claims that the facts alleged in the complaint and petition for removal do not establish that defendant was acting under the color of his office when he made the allegedly libelous statements.

Both of the proffered reasons for remand are without merit.

While Section 1442 originally permitted the removal of actions only when brought against revenue officers, see Maryland v. Soper, 270 U.S. 9, 32 (1926), it has steadily been enlarged in scope, first to include actions against members of Congress and judicial officers, as provided in Section 1442(a) (3) and (4), and most recently in 1948 to include "all officers and employees of the United States or any agency thereof", as provided in Section 1442(a)(1). Reviser's Note, 28 U.S.C.A. § 1442; Poss v. Lieberman, 299 F.2d 358 (2 Cir. 1962). Although application of revised Section 1442(a)(1) to Congressmen clearly expands removability of actions against such persons beyond that provided in Section 1442(a)(4), there is no indication that Congress intended to limit the broad language it chose in amending Section 1442(a)(1). A member of Congress is unquestionably an officer of the United States as this term is commonly used and must be considered as such pursuant to Section 1442(a)(1). Pres-

ton v. Edmondson, 263 F.Supp. 370 (N.D. Okla.1967); cf. Martin v. Wyzanski, 191 F.Supp. 931, 933 (D.Mass.1961).

In Morgan v. Willingham, 383 F.2d 139, 141 (10 Cir. 1967), cited by plaintiff, the court in dicta noted that Section 1442(a)(3), applying to judicial officers, was broader than Section 1442(a)(4), applying to members of Congress, and concluded that "[i]n this respect, the removal statutes parallel the common law doctrine of immunity which applies broadly to judicial officers and narrowly to agents of the Executive Branch of the Federal Government". Not only is the court's characterization of members of Congress as agents of the Executive Branch questionable, but the court made no reference to Section 1442(a)(1) which even plaintiff agrees applies to executive officials and which is just as broad as Section 1442(a)(3).

Since defendant is an officer within the meaning of Section 1442(a)(1), the next question is whether the removal petition establishes that the statements of which plaintiff complains were made by defendant under the color of his office for purposes of Section 1442(a)(1). As the court concluded in Preston v. Edmondson, supra, at 373, which involved a similar libel action against a Congressman: "When the authorities are compared and analyzed, there is no fixed or immutable concept of color of office and the boundaries of the statutory language are not well-defined."

In the instant case, the facts as alleged in the petition for removal adequately show that defendant was acting under the color of his office when he uttered the allegedly libelous statements. The vital informational role which a Congressman must play cannot be ignored. The public service television program appearance was one facet of this role just as the court in *Preston* found that a Congressman's issuance of a press release containing an alleged libel was another facet. Cf. Barr v. Matteo, 360 U.S. 564 (1959).

The motion to remand is denied.