■ ANDREA PATTERSON et al., Appellants, v JUANITO BALAQUIOT et al., Respondents, et al., Defendants.—Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered July 17, 1991, which, insofar as appealed from, imposed a sanction of $250 against plaintiffs' attorney to be paid to defendants-respondents' attorneys, unanimously modified, on the facts and in the exercise of discretion, to the extent of directing that the sanctions be paid to the Clients' Security Fund, and otherwise affirmed, with costs.

In response to a motion for preclusion made by a defendant who is not a respondent on the appeal, plaintiffs cross-moved for sanctions against defendants-respondents on the ground that their refusal to acknowledge the mail service plaintiffs had purportedly made upon them pursuant to CPLR 312-a constituted frivolous conduct within the meaning of 22 NYCRR 130-1.1. Plaintiffs' contention that defendants-respondents were under an obligation to acknowledge such service is without merit (see, *Matter of Shenko Elec. v Harnett,* 161 AD2d 1212), and, like the IAS Court, we would go further, and hold that the request for sanctions was itself frivolous (see, 22 NYCRR 130-1.1 [c]). Such a request would have been warranted only if the acknowledgment plaintiffs seek "was clearly and unequivocally mandated by existing law" (*Edwards v Edwards,* 165 AD2d 362, 363), which is hardly the case.

We modify to direct payment of the sanctions to the Clients' Security Fund rather than to defendants' attorneys (see also,

22 NYCRR 130-1.3). Concur—Sullivan, J. P., Carro, Wallach, Kupferman and Kassal, JJ.