Peter E. TORRES, d/b/a Visa Lottery, Inc., d/b/a Immigration Law Office of Peter E. Torres, Esquire, Plaintiff,

v.

CBS NEWS, Roseanne Colletti, Ernie Anastos, Beatrice Gruber, "John Doe," being a fictitious name of a CBS undercover cameraman, Congressman Charles E. Schumer, Elizabeth Aviars, and the City of New York, Defendants.

No. 93 Civ. 6474 (KMW).

United States District Court, S.D. New York.

May 27, 1994.

Plaintiff was pro se.

Helen M. Gold, CBS Inc., New York City, for defendants CBS News, Roseanne Colletti, Ernie Anastos and Beatrice Gruber.

Richard P. Stanton, Asst. Counsel, Office of General Counsel, House of Representatives, Washington, DC, for defendant Congressman Charles E. Schumer.

Charles C. Graves, II, Asst. Corp. Counsel, New York City, for defendants City of New York and Elizabeth Aviars.

## ORDER

KIMBA M. WOOD, District Judge.

In a Report and Recommendation dated January 19, 1994, Magistrate Judge Grubin recommended that plaintiff's motion to remand this case to the New York State Court, New York County, be denied. In conformity with *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir.1989), the Magistrate Judge's Report explicitly cautioned that failure to file timely objections could constitute a waiver of those objections. No objections have been received. I therefore accept and adopt the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) (failure to file timely objections constitutes waiver of objections, and district court review not required); *cf. Small*, 892 F.2d 15 (*Arn* applies even to *pro se* litigants where Report contains proper cautionary language).

SO ORDERED.

## REPORT AND RECOMMENDATION

GRUBIN, United States Magistrate Judge:

Pending is the motion of plaintiff, Peter E. Torres, to remand this case to the New York State Supreme Court, New York County, whence it was removed to this court by defendant Congressman Charles E. Schumer. Pursuant to a conference with the parties on November 9, 1993, I have stayed discovery and further proceedings pending a determination on this motion to remand. For the following reasons, I respectfully recommend that the motion be denied.

■ Plaintiff, an attorney who practices immigration law in New York, filed this action on August 24, 1993 in state court. Concerning Congressman Schumer, the complaint alleges that in a press release and at a press conference on or about July 29, 1992 he made false and defamatory statements about plaintiff's services pertaining to obtaining visas.[1] Congressman Schumer filed a notice of removal in this court on September 16, 1993, claiming that the action was removable pursuant to 28 U.S.C. § 1442(a)(1) which provides for removal of a civil action commenced in a state court against "[a]ny officer of the United States ... for any act under color of such office" and under § 1442(a)(4) which provides for removal of an action against "[a]ny officer of either House of Congress, for any act in the discharge of his [sic] official duty under an order of such house."[2] On October 25, 1993 plaintiff moved to remand the action to state court under § 1442(a), on the ground that the notice of removal cites no reason other than the fact that Congressman Schumer is a member of Congress to conclude that he was acting "under color of such office" or "in the discharge of his official duty under an order of [the House]." Plaintiff further contends that because the Speech or Debate Clause, U.S. Const. art. I, § 6, cl. 2, does not give Congressman Schumer immunity from liability for statements in press releases and press conferences, "there can be no federal question as to his acts being under color of office." Plaintiff apparently thus contends that a further requirement for removal—that the defendant allege a colorable federal defense—has not been met here. Opposing plaintiff's motion, Congressman Schumer argues that (1) it was untimely under 28 U.S.C. § 1447(c) because it was not

1. Alleging that they reported or made other false and defamatory statements about his services, plaintiff also names as defendants CBS Inc., Ernie Anastos, Roscanne Colletti, Beatrice Gruber, "John Doe" (a CBS cameraman), the City of New York and Elizabeth Aviars.

2. Section 1442 is an exception to the general rule that all defendants must join in a notice of removal. *Ely Valley Mines v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1314–15 (9th Cir.

1981); *Bradford v. Harding*, 284 F.2d 307, 310 (2d Cir.1960). When a federal officer removes a case under § 1442, "the entire case against all defendants, federal and non-federal, is removed to federal court regardless of the wishes of his [sic] co-defendants." *Arango v. Guzman Travel Advisors Corp.*, 621 F.2d 1371, 1376 (5th Cir. 1980); *see District of Columbia v. Merit Sys. Protection Bd.*, 762 F.2d 129, 132 (D.C.Cir.1985).

filed "within 30 days after the filing of the notice of removal"; (2) the statements at issue were made "under color of office" insofar as they were made pursuant to "[t]he vital informational role which a Congressman must play," *Hill Parents Ass'n v. Giaimo,* 287 F.Supp. 98, 100 (D.Conn.1968); and (3) the defense of official immunity he has already pleaded [3] provides the federal defense required for federal officer removal.

■ The motion to remand is not untimely. The 30–day limitation in § 1447(c) applies to a motion to remand based on "any defect in removal procedure." A motion to remand based on a court's lack of subject matter jurisdiction, such as plaintiff's, may be made at any time during the litigation. *See Hamilton v. Aetna Life & Casualty Co.,* 5 F.3d 642, 643–44 (2d Cir.1993); *IMAF S.p.A. v. J.C. Penney, Inc.,* No. 86 Civ. 9080 (KMW), 1992 WL 51550 at *1, 1992 U.S. Dist. Lexis 3009 at *2 (S.D.N.Y. Mar. 12, 1992); Sharon E. Grubin & Deborah E. Lans, *Removal, in Federal Civil Practice* 80, 99 (Georgene M. Vairo ed., 1989).

■ Though timely, plaintiff's motion should be denied because removal was proper under § 1442(a)(1).[4] For purposes of § 1442(a)(1), congressional activities "under color of ... office" include communications to constituents, either directly or by means of public media, on subjects of potential general interest to those constituents—as the workings of immigration laws and regulations would appear to be—and are not limited to only those core deliberative activities for which members of Congress enjoy absolute immunity from liability under the Speech or Debate Clause. Accordingly, "in cases involving a similar context," *i.e.,* removed cases involving defamation claims arising from press releases or television interviews by members of Congress, "the 'color of ... of-

fice' requirement has been broadly construed." *Williams v. Brooks,* 945 F.2d at 1325 n. 2. *See id.* at 1324 (television interview); *Hill Parents Ass'n v. Giaimo,* 287 F.Supp. 98, 99–100 (D.Conn.1968) (television interview); *Preston v. Edmondson,* 263 F.Supp. 370, 372–73 (N.D.Okla.1967) (press release). It is correct that federal officer removal must be predicated on the allegation of a colorable federal defense. *Mesa v. California,* 489 U.S. 121, 129–134, 109 S.Ct. 959, 964–67, 103 L.Ed.2d 99 (1989). Congressman Schumer's assertion of an official immunity defense is sufficient to provide for removal. "The judicially-created doctrine of official immunity protects federal officials from civil suits arising out of actions taken in the performance of their official duties and responsibilities" and provides for absolute immunity from suits for common law torts. *Williams v. Brooks,* 945 F.2d at 1326, 1327. While plaintiff is correct that the bulk of authority on the issue of immunity in the circumstances alleged in this case would militate against the success of such defense, *see Hutchinson v. Proxmire,* 443 U.S. 111, 133, 99 S.Ct. 2675, 2687, 61 L.Ed.2d 411 (1979) (Speech or Debate Clause does not immunize senator from liability for defamation for statements made in newsletter and press releases); *Williams v. Brooks,* 945 F.2d at 1329 n. 6, 1331, *and Chastain v. Sundquist,* 833 F.2d 311, 312 (D.C.Cir.1987), *cert. denied,* 487 U.S. 1240, 108 S.Ct. 2914, 101 L.Ed.2d 946 (1988) (both holding that official immunity of members of Congress for common law torts such as defamation committed while acting within the scope of official duties extends no further than sphere protected by Speech or Debate Clause); *but see id.* at 332 (Mikva, J., dissenting) ("a member of Congress performing official but non-legislative functions is entitled to the kind of official

---

3. Congressman Schumer filed a motion to dismiss the complaint under Rule 12(b)(6) which has not yet been answered by plaintiff.

4. Removal jurisdiction would not ordinarily lie under § 1442(a)(4) in the circumstances of this case because the alleged actions would not have been "under an order of" the House, *see*

*Williams v. Brooks,* 945 F.2d 1322, 1324–25 n. 2 (5th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1996, 118 L.Ed.2d 592 (1992), and Congressman Schumer has not explained why his actions should be deemed to have been otherwise.

248

immunity that the Supreme Court has held that government officials performing executive functions enjoy—absolute immunity from damage suits charging a violation of the common law, but only qualified immunity from damage suits charging a statutory or constitutional tort"), the defense is a colorable one at this time. The facts of this case have not been presented yet. Moreover, the Second Circuit has not ruled on a congressional claim of official immunity for statements made in press releases or television interviews, and the fact that the panel in *Chastain v. Sundquist* was split suggests that the issue may be legitimately disputed. For the purposes of federal officer removal, "[t]he question is not whether a defendant's claimed defense is meritorious, but only whether a colorable claim to such a defense has been made." *Ryan v. Dow Chem. Co.*, 781 F.Supp. 934, 944 (E.D.N.Y.1992) (citing *Mesa v. California*, 489 U.S. at 133, 109 S.Ct. at 966–67). Thus, the assertion of an official immunity defense by Congressman Jack Brooks in *Williams v. Brooks* satisfied the federal defense requirement, even though it ultimately was rejected. *Williams v. Brooks*, 945 F.2d at 1325 n. 2. *See also Richards v. Harper*, 864 F.2d 85, 86 (9th Cir.1988) (affirming removal pursuant to § 1442(a)(1) of claims that congressman and senator violated plaintiff's civil rights by defamation, *inter alia*, where their defense was that they were acting in their capacities as members of Congress).

*CONCLUSION*

For the foregoing reasons, I recommend that plaintiff's motion to remand be denied.