GLENDORA, Plaintiff,

v.

PINKERTON SECURITY AND DETECTIVE SERVICES, James P. McCloskey, Denis R. Brown, Pinkerton John, at 319 PM March 31, 1998, 300 Quarropos Street, Larry Nevins, Frank Webber and Frank Esposito, Defendants.

No. 98 Civ. 5123(RWS).

United States District Court, S.D. New York.

Nov. 20, 1998.

---

Glendora, White Plains, NY, pro se.

Honorable Mary Jo White, United States Attorney for the Southern District of New York, New York City (Rachel D. Godsil, Assistant U.S. Attorney, of counsel), for Defendants.

*OPINION*

SWEET, District Judge.

Plaintiff Glendora *pro se* ("Glendora") has moved to remand this action to the state court, for default judgment, and for recusal. Defendant Lawrence T. Nevins ("Nevins") has moved to dismiss the complaint or, in the alternative, for summary judgment dismissing the complaint, and Glendora has cross-moved for summary judgment. For the reasons set forth below, Glendora's motions to remand, for default judgment, recusal, and her cross-motion for summary judgment are denied, and Nevins' motion for summary judgment and dismissal of the complaint is granted.

### Prior Proceedings

By complaint filed in the Supreme Court of the State of New York, County of Westchester, on April 29, 1998, Glendora named defendants Pinkerton Security and Detective Services, James P. McCloseky, Denis R. Brown, Pinkerton John, Larry Nevins, Frank Webber, and Frank Esposito and alleged that on March 31, 1998 at 3:19 p.m., "Pinkerton John tossed [her] $150 tape recorder onto the desk and caused it to fall five inches after it hit the desk." (Compl. ¶ C.) Glendora has alleged this act constituted police brutality and a violation of her First and Fifth Amendment Rights. The only reference to Nevins in the complaint is in the caption. Nevins received the complaint by mail on May 5, 1998.

Because Nevins is an Assistant–Chief Deputy United States Marshal, a notice of removal was filed on July 17, 1998.

Glendora filed a notice of motion to remand Nevins on August 3, 1998, and a notice of motion for a default judgment on August 24, and on the same day Nevins moved to dismiss under Rules 12(b)(1), 12(b)(6), and 56 of the Federal Rules of Civil Procedure. Glendora cross-moved for summary judgment and for recusal on September 3, 1998. The motions were marked fully submitted on September 9, 1998.

### The Facts

Nevins is an Assistant–Chief Deputy United States Marshal with the United States Marshals Service, assigned to the United

States District Court for the Southern District of New York, located in White Plains, New York, at 300 Quarropas Street (the "Courthouse"). He has held this position since 1992 and has been employed by the Marshals Service since 1978.

In his capacity as Assistant–Chief Deputy, Nevins is responsible for supervising the Deputy United States Marshals and Court Security Officers ("CSOs") assigned to the Courthouse. Unlike Deputy Marshals, who are federal employees of the Marshals Service, the CSOs are contract employees. Nevins supervises Courthouse security for all occupants, movement of prisoners, service of process, and asset forfeiture.

Nevins is familiar with Glendora.

On March 31, 1998, Nevins assisted in the movement of prisoners to Newburgh, New York in the morning and returned to the Courthouse in the afternoon and has no recollection of seeing Glendora at the Courthouse that day, nor does he recall witnessing any interaction between Glendora and any CSOs in the Courthouse.

### Discussion

### I. *The Motion to Remand Is Denied*

Motions to remand venue from a federal district court to a state court are governed by Section 1447(c) of Title 28 of the United States Code. The statute provides, *inter alia*, that "[if] at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Removal is proper only if the court has original jurisdiction of the matter. *See In re NASDAQ Market Makers Antitrust Litig.*, 929 F.Supp. 174, 177 (S.D.N.Y.1996); *Glen 6 Assocs. v. Dedaj*, 770 F.Supp. 225, 227 (S.D.N.Y.1991). Glendora having challenged the removal by motion to remand, Nevins bears the burden of establishing that the action is properly in federal court. *See R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir.1979); *see also Isaacs v. Group Health, Inc.*, 668 F.Supp. 306, 311 (S.D.N.Y.1987) (on motion to remand, removing party bears burden of establishing that case is within federal court's removal juris-

diction). That determination "must be resolved by reference to the complaint at the time the petition for removal was filed." *Rosenberg v. GWV Travel*, 480 F.Supp. 95, 96 (S.D.N.Y.1979); *see American Fire and Casualty Co. v. Finn*, 341 U.S. 6, 14, 71 S.Ct. 534, 95 L.Ed. 702 (1951); *see generally* 14A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3739 (2d ed.1985).

A federal court has jurisdiction to hear "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *see Travelers Indem. Co. v. Sarkisian*, 794 F.2d 754, 758 (2d Cir.1986); *In re NASDAQ*, 929 F.Supp. at 178.

The complaint in this action alleged that Glendora's tape recorder was dropped and broken. (*See* Compl. ¶ C.) On the basis of this incident, Glendora claims that she was subject to "police brutality" and that she suffered violations of her constitutional rights under the First and Fifth Amendments. (*See* Compl. ¶¶ A & C.) The complaint seeks unspecified declaratory relief and damages in the amount of $23 million. In her complaint, Glendora thus pleads claims founded in common law tort and the Constitution.

The Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.* (the "FTCA"), which provides that the United States shall be liable for common law torts, is applicable in this case. *See id.* § 2674. While it contains a general exception for assault and battery, the FTCA states that "with regard to acts or omissions of investigative or law enforcement officers in the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising ... out of assault [or] battery." 28 U.S.C. § 2680(h). Deputy United States Marshals fall within this provision of the FTCA. *See, e.g., Lucas v. United States*, 443 F.Supp. 539, 543–44 (D.D.C.1977), *aff'd mem.*, 590 F.2d 356 (D.C.Cir.1979).

The FTCA also provides that "[t]he Attorney General shall defend any civil action or proceeding brought in any court against any employee of the Government or his estate for any damage or injury." 28 U.S.C. § 2679(c). The FTCA then states that:

[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court *shall be removed without bond at any time before trial* by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending.

28 U.S.C. § 2679(d)(2) (emphasis added). United States Attorneys are authorized to make this certification on scope of employment for actions brought in their districts. *See* 28 C.F.R. § 15.3(a).

On June 26, 1998, Mary Jo White, United States Attorney for the Southern District of New York, certified in an exhibit to the Notice of Removal that, at the time of the alleged incident, Nevins was acting within the scope of his employment. The complaint pleaded claims in common law tort against a federal employee who was acting within the scope of his employment. (*See* Compl. ¶ C.) Such a claim is against the United States under the FTCA, and thus, this action was properly removed to this Court on July 17, 1998.

Glendora seeks a remand to the New York State Supreme Court "in the interest of justice" on the ground that defendant "has been friends with the judges for years." She argues that "it is de facto the action must not be adjudicated in the courthouse where it happened nor in the federal jurisdiction where it happened." She also claims that the complaint does not sound in tort and is solely a state civil rights claim. As a result, she contends, defendant was time-barred under 28 U.S.C. § 1446 from removing this action to federal court.

■ There is no basis for Glendora's suggestion that she will be unable to obtain a fair hearing in the Southern District of New York. Nor is there any foundation to Glendora's contention that Nevins has undue influence over the Court. Glendora cannot prevent the removal of this action by denying after the fact that she pleaded a common law tort against a federal employee. *Cf. Arthur v. E.I. Dupont de Nemours & Co.*, 58 F.3d 121, 125 (4th Cir.1995) (explaining that " '[a] state could not prevent removal of ordinary tort cases by calling its common law of torts a 'worker's compensation law' " (quoting *Spearman v. Exxon Coal USA, Inc.*, 16 F.3d 722, 724 (7th Cir.1994))). Consequently, Nevins was entitled to remove to federal court at any time before trial. *See* 28 U.S.C. § 2679(d)(2).

■ In a second submission that was served but appears never to have been filed, Glendora states that she is amending her complaint to include a cause of action under 42 U.S.C. § 13981 of the Violence Against Women Act of 1994 and that her action is nonremovable under 28 U.S.C. § 1445. This submission is not a valid amendment to the complaint. Further, such an amendment would constitute fraudulent pleading intended to prevent removal. *See McAdow v. Promus Cos., Inc.*, 926 F.Supp. 93, 94 (W.D.La. 1996) (stating that defendant may " 'pierce the pleadings to show that the Jones Act claim has been fraudulently pleaded to prevent removal' " (quoting *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993))); *cf. In re NASDAQ*, 929 F.Supp. at 178 (noting that courts " 'will not permit [a] plaintiff to use artful pleading to close off [a] defendant's right to a federal forum [and] the removal court will seek to determine whether the real nature of the claim is federal, regardless of plaintiff's characterization' " (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 n. 2, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981))). The Violence Against Women Act provides that persons shall be liable for "crimes of violence motivated by gender." 42 U.S.C. § 13981. Nowhere in Glendora's complaint does she allege that she was a victim of a "crime of violence"—which is defined as "an act or series of acts that would constitute a felony against the person or that would constitute a felony against property *if the conduct presents a serious*

*risk of physical injury* to another." 42 U.S.C. § 13981(d) (emphasis added).

This action is properly in federal court, and Glendora's motion to remand is denied.

## II. Nevins Is Entitled to Summary Judgment

Rule 56(e) of the Federal Rules of Civil Procedure provides that a court shall grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Silver v. City University*, 947 F.2d 1021, 1022 (2d Cir.1991).

"The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish her right to judgment as a matter of law." *Rodriguez v. City of New York*, 72 F.3d 1051, 1060 (2d Cir. 1995). In determining whether a genuine issue of material fact exists, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Brady v. Town of Colchester*, 863 F.2d 205, 210 (2d Cir.1988).

A party seeking to defeat a summary judgment motion cannot "rely on mere speculation or conjecture as to the true nature of facts to overcome the motion." *Lipton v. Nature Co.*, 71 F.3d 464, 469 (2d Cir.1995) (quoting *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir.1986)). Rather, the responding party "must show the existence of a disputed material fact in light of the substantive law." *Peer Int'l Corp. v. Luna Records, Inc.*, 887 F.Supp. 560, 564 (S.D.N.Y.1995). In the absence of any disputed material fact, summary judgment is appropriate.

■ To the extent Glendora alleges that Nevins is individually liable for damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S.

388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), her claim must be dismissed. In order to state a claim under *Bivens*, Glendora must allege that Nevins personally violated a well-established constitutional right of which a reasonable person would have known. *See id.* at 389, 91 S.Ct. 1999; *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Butz v. Economou*, 438 U.S. 478, 506–07, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978); *Barbera v. Smith*, 836 F.2d 96, 99 (2d Cir. 1987). Absent such specific allegations, the complaint is insufficient as a matter of law and must be dismissed. *See Barbera*, 836 F.2d at 99 (dismissing *Bivens* complaint for lack of specificity); *see also Contemporary Mission, Inc. v. U.S. Postal Serv.*, 648 F.2d 97, 107 (2d Cir.1981).

Moreover, because there is no *respondeat superior* liability under *Bivens*, plaintiff must allege facts that show more than a defendant's mere supervisory responsibility. *See, e.g., Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 121, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992) (stating that there is no *respondeat superior* liability under 42 U.S.C. § 1983); *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir.1994) (nothing that personal involvement in the purported violation is a prerequisite to an award of damages under § 1983); *Johnson v. Glick*, 481 F.2d 1028, 1034 (2d Cir.1973) (finding that supervisory officials cannot be held liable for the acts of their subordinates solely on a theory of *respondeat superior*; a showing of some personal responsibility of the supervisor is required); *Herrera v. Scully*, 815 F.Supp. 713, 722 (S.D.N.Y.1993) (noting that there is no liability under a theory of *respondeat superior* under § 1983); *see also Rizzo v. Goode*, 423 U.S. 362, 371–73, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *McKinnon v. Patterson*, 568 F.2d 930 (2d Cir.1977).[1]

■ Glendora does not allege any facts concerning Nevins in her complaint, other than to name him in the caption. Even if this Court construes the complaint broadly, as it must, *see Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994), Glendora has failed to

---

**1.** The same principles of, for instance, qualified immunity apply in § 1983 actions against state officials and *Bivens* actions against federal offi-

cials. *See Butz*, 438 U.S. at 507, 98 S.Ct. 2894; *Ayeni v. Mottola*, 35 F.3d 680, 688 n. 10 (2d Cir.1994).

allege a single fact to suggest that Nevins personally caused a violation of her constitutional rights. The complaint therefore is insufficient as a matter of law and must be dismissed. *See Barbera,* 836 F.2d at 99.

▮ In addition, Nevins is entitled to qualified immunity and judgment as a matter of law. *See Harlow,* 457 U.S. at 818–19, 102 S.Ct. 2727. Under the doctrine of qualified immunity, public officials are shielded from liability for civil damages if they establish that (1) their conduct did not violate clearly established rights of which a reasonable person would have known; or (2) that it was "objectively reasonable" to believe that their acts did not violate clearly established rights. *See Anderson v. Creighton,* 483 U.S. 635, 637–41, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987); *Harlow,* 457 U.S. at 818, 102 S.Ct. 2727; *McEvoy v. Spencer,* 124 F.3d 92, 97 (2d Cir.1997); *Mozzochi v. Borden,* 959 F.2d 1174, 1177 (2d Cir.1992). This defense protects government officials from "the burdens of defending expensive but ultimately unsubstantial, lawsuits and also guards against the risk that 'fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties.'" *Estate of Rosenbaum v. City of New York,* 975 F.Supp. 206, 215 (E.D.N.Y.1997) (quoting *Anderson,* 483 U.S. at 638, 107 S.Ct. 3034); *see Lennon v. Miller,* 66 F.3d 416, 420 (2d Cir.1995).

▮ Glendora has failed to allege a single act taken by Nevins—much less an act that resulted in the violation of plaintiff's "clearly established" constitutional rights. *See Fox v. Coughlin,* 893 F.2d 475, 477 (2d Cir.1990) (*per curium*). Nevins has declared that he did not even see Glendora on the day of the alleged incident. He is entitled to summary judgment because no genuine issue of material fact has been submitted to establish that Glendora suffered a constitutional deprivation resulting from Nevins' actions.

### III. *The United States of America Will Be Substituted as Defendant and Dismissed*

The exclusive remedy for torts committed by federal employees in the course of their duties is the FTCA, 28 U.S.C. §§ 1346(b), 2671–80. *See* 28 U.S.C. § 2679(b)(1). Section 2679(b)(1) provides in pertinent part:

> The remedy against the United States provided by sections 1346(b) and 2672 of this title for … personal injury … arising or resulting from the negligent or wrongful act or omission of an employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim …

28 U.S.C. § 2679(b)(1). The FTCA further provides that:

> [u]pon certification of the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action … shall be deemed an action against the United States … and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(2).

▮ Any possible liability for police brutality and property damage by Nevins is placed squarely on the United States. These claims will be dismissed as to Nevins and the United States substituted as the defendant. *See Castro v. United States,* 34 F.3d 106, 110 (2d Cir.1994) (stating that "the FTCA makes individual government employees immune from common-law tort claims for acts committed within the scope of their employment").

▮ Finally, Glendora's claims of police brutality and for property damages to her tape recorder must be dismissed as to the United States as well for lack of subject matter jurisdiction because Glendora failed to exhaust administrative remedies as required under the FTCA. *See McNeil v. United States,* 508 U.S. 106, 111–13, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) (dismissing tort claims for failure to exhaust administrative remedies under the FTCA). Under the FTCA a person may not file a claim against the United States without first filing with the

appropriate federal agency, for the FTCA provides:

An action shall not be instituted upon a claim against the United States for money damages for ... personal injury ... caused by the negligent or wrongful act or omission of any employee of the Government ... unless the claimant shall have first presented the claim to the appropriate Federal agency *and* his claim shall have been finally denied by the agency in writing ...

28 U.S.C. § 2675(a) (emphasis added).

The Supreme Court has plainly held that the FTCA bars suits until the requirement of administrative exhaustion is met. *See McNeil*, 508 U.S. at 113, 113 S.Ct. 1980 ("Because petitioner failed to heed that clear statutory command, the District Court properly dismissed his suit.") Here, Glendora failed to allege the filing of an FTCA administrative claim with the Marshals Service. (*See* Auerbach Dec. ¶ 5.) Therefore, Glendora's claims of police brutality and for property damage must be dismissed.

### IV. *The Motion for a Default Judgment Is Denied*

Glendora seeks a default judgment on the ground that Nevins was served by Franklyn Buell with a copy of the summons and complaint by mail on May 2, 1998, but did not answer by June 5, 1998. However, pursuant to the New York Civil Procedure Law and Rules ("CPLR"), upon which she relies, service is not complete, and a defendant's time to answer does not begin to run, until the defendant signs and mails an acknowledgment of receipt. *See* CPLR § 312–a(b). Glendora does not allege that she received such an acknowledgment from Nevins; accordingly, service was not completed and his time to answer did not begin to run on May 5, 1998, the day on which Nevins received the complaint. Indeed, Nevins had no legal duty to acknowledge service. *Patterson v. Balaquiot*, 188 A.D.2d 275, 275, 590 N.Y.S.2d 469, 470 (1st Dep't 1992).

■ This action was removed to federal court on July 17, 1998. On July 22, 1998, less than five days after removal, Nevins sought an extension of time to respond to the complaint from this Court until August 24, 1998. The request was granted and Nevins served his motion to dismiss, or in the alternative for summary judgment, on that date. Nevins clearly has not been "an obstructionist adversary" for whom default procedures are necessary. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir.1993).

Moreover, under Rule 55(e) of the Federal Rules of Civil Procedure, "[n]o judgment by default shall be entered against the United States or an officer ... thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." Fed. R.Civ.P. 55(e). Because Glendora has not established a claim against the United States or against Nevins for the reasons set forth above, default judgment is precluded under Rule 55(e).

■ Finally, the Second Circuit has expressed a strong preference for "resolving disputes on the merits" and thus has held that "defaults are generally disfavored and are reserved for rare occasions." *Enron Oil Corp.*, 10 F.3d at 95, 96 (reversing district court's refusal to set aside default under Fed.R.Civ.P. 55(c)). The decision as to whether a default judgment is warranted is left "to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *Id.* at 95. In this case, a default judgment is not warranted.

### V. *Glendora's Cross–Motion for Summary Judgment Is Denied*

No grounds are set forth in Glendora's papers upon which summary judgment or recusal are warranted and none can be perceived by the Court.

Glendora's submissions are a jumble of interlineations, photostats (some totally irrelevant but interesting concerning past relationships and activities), and conclusory comments, some pejorative and none probative.

### VI. *The Complaint is Dismissed*

No grounds for federal jurisdiction remaining, the action is dismissed.

## Conclusion

Nevins' motion for summary judgment is granted, the United States is substituted as a defendant and dismissed, the cross-motion for summary judgment and recusal is denied, and the action is dismissed as to Nevins and the United States with prejudice.

It is so ordered.