GLENDORA, Plaintiff,

v.

CITY OF WHITE PLAINS,
et al., Defendants.

No. 98 Civ. 5250(CM).

United States District Court,
S.D. New York.

June 23, 1999.

Glendora, White Plains, NY, pro se.

Rachel D. Godsil, United States Attorney, Mary Jo White, New York City, for defendants.

MEMORANDUM DECISION AND ORDER DISMISSING THE COMPLAINT

McMAHON, District Judge.

Before the Court in this action, which was removed from the Westchester County Supreme Court, are various motions to dismiss the complaint brought on behalf of all defendants on a variety of grounds. Glendora has moved to remand the case to the State Court.

The instant complaint is one in a long series of *pro se* actions filed by Glendora.[1] The facts underlying this particular complaint are as follows: Glendora, a local cable television personality, called the White Plains Fire Department during the summer of 1997 to complain about her neighbor's use of a barbecue grill. Lt. William Evans, a defendant in this action, answered her call but declined to tell the neighbors to cease and desist using the grill. Glendora videotaped her exchange with Lt. Evans and aired it on her television program, "A Chat With Glendora." This allegedly infuriated Lt. Evans to the point that he supposedly caused Glendora's car to be towed from a public parking garage in White Plains to a franchise tow garage in Hartsdale—not a facility patronized by Glendora—on what she claims was a trumped-up charge that the vehicle was leaking oil. The towing incident led Glendora to file an action (designated 97 Civ. 1961, and referred to hereafter as "the 1997 action") in which she sought millions of dollars in damages for the defendants' towing of her car, which she alleged was a violation of 42 U.S.C. §§ 1983 and 1985.

The 1997 action was filed in Manhattan and was initially assigned to the Hon. Thomas P. Griesa, Chief Judge of the District. Judge Griesa dismissed the charges as against all defendants except Lt. Evans. He then transferred the case to the Hon. Harold Baer. Upon the application of Lt. Evans, the case was transferred to White Plains pursuant to Rule 22 of the Rules for the Division of Business Among District Judges. When it arrived here it was assigned to the Hon. Charles L. Brieant. Judge Brieant ruled on several motions made by plaintiff, including a motion for sanctions against Lt. Evans's attorney, Joseph A. Maria, Esq., which he denied. In February 1998, he dismissed the case for neglect to prosecute when Glendora failed to show up at a scheduled conference to argue yet another motion she had made. That decision was appealed to the United States Court of Appeals for the Second Circuit; the appeal was ultimately dismissed for failure to prosecute. *See* Mandate of United States Court of Appeals for the Second Circuit, dated August 21, 1998.

Four months after Judge Brieant dismissed the 1997 action, Glendora filed the instant complaint in the New York State Supreme Court for Westchester County. The allegations of the complaint are identical—*in haec verba*—to those of the complaint in the 1997 action, with the addition of three defendants and one paragraph. That new paragraph, paragraph 55, asserts that Judge (now Defendant) Baer "ruined the case" by transferring it to White Plains, and that Judge (now Defendant) Brieant, in conspiracy with Attorney (now Defendant) Maria, arranged to have the case dismissed "behind Glendora's back" before it could be adjudicated on its merits. Glendora seeks damages of $23 million.

As noted above, the action was filed in Westchester County Supreme Court. On July 22, 1998, defendants Baer and Brieant, both judges of the United States District Court for the Southern District of New York, timely (i.e., within 30 days after receipt of service of process) removed the action to that Court pursuant to 28 U.S.C. § 1442(a)(3), which provides that a civil action brought in a court of a sovereign state against "any officer of the courts of the United States, for any Act under color of office or in the performance of his duties," may be removed to the United States District Court "for the district and

---

1. Glendora is a litigious individual. The Hon. Thomas Griesa, Chief Judge of this District, noted in his Order of Partial Dismissal in a related case that she has brought at least ten cases against a variety of corporate and private defendants in this District alone. Her various appeals have wended their way to numerous higher courts, and the United States Supreme Court has already barred her from filing any future non-criminal claims *in forma pauperis. See Glendora v. Porzio,* 523 U.S. 206, 118 S.Ct. 1124, 140 L.Ed.2d 310 (1998). Her suits against the judges and employees of this Court are described below.

division embracing the place wherein it is pending."

The removed action was initially assigned to the Hon. Allen G. Schwartz of this Court. Judge Schwartz, like Judges Griesa and Baer, sits in the main courthouse at Foley Square in Manhattan. However, Judge Schwartz determined, pursuant to the Local Rules of this Court, that this action should be heard in White Plains. *See* Rule 22 of the Rules for the Division of Business Among District Judges. Therefore, Judge Schwartz *sua sponte* transferred the action to this Court, where it was originally assigned to the Hon. Barrington D. Parker, and then to the Hon. Richard C. Casey.[2] When Judge Casey went back to Manhattan, the case came to me.

At the time I inherited the matter, there were four motions pending: Glendora's motion to remand the case back to the New York State Supreme Court; Judge Baer's and Judge Brieant's motion to dismiss; Mr. Maria's motion to dismiss; and the remaining defendants' motions to dismiss. To put the pending motions in context:[3] Judges Baer and Brieant are not the first members of this Court to find themselves named as defendants in lawsuits commenced by Glendora. Plaintiff has a penchant for suing judges whose judicial actions offend her. She has previously sued Judge William C. Conner of this Court because he "badly betrayed 47 U.S.C. § 521 et seq. and N.Y. Executive Law/Article 28/ § 829(c) and 19 NYCRR 594." She has also sued Judge Parker, apparently in the United States District Court for the District of Columbia (or so I interpret the legend USDC/DC found on Pl.'s memorandum stamped September 15, 1998, in the Office of the Clerk, Southern District of New York, ¶ 8), for allegedly violating plaintiff's civil rights in a case called *Glendora v. Hostetter,* 916 F.Supp. 1339 (S.D.N.Y.1996). She has also sued Magistrate Judges Mark D. Fox and Lisa Margaret Smith of this District, *see id.,* as well as a former law clerk for Judge Brieant and his secretary. She has sued the Chief Judge of the United States Court of Appeals for the Second Circuit. *See Glendora v. Winter,* No. 98–7126, 1998 WL 939513 (D.C.Cir., Dec.22, 1998). From the papers before me, it appears that plaintiff has also sued the head of the United States Marshals Service in White Plains in yet another action that, like this one, was originally filed in State Supreme Court and removed to this Court. *See Glendora v. Pinkerton Sec. & Detective Servs.,* 25 F.Supp.2d 447 (S.D.N.Y.1998).

Glendora did not stop there. In the motion papers before me, plaintiff explicitly threatened to sue Judge Schwartz for applying Rule 22 to transfer the instant action from Manhattan to White Plains. She recently made good that threat by filing an action in the Eastern District of Pennsylvania, in which Judge Schwartz is a named defendant. Glendora has also accused Judge Casey, who had this case briefly, of "robbing" her of her right to discovery.[4]

For the reasons set forth below, Glendora's motion to remand is denied and the various motions to dismiss are granted.

---

**2.** When Judge Parker recused himself, the case was wheeled out to Judge Brieant, on Friday, September 18, 1998. Judge Brieant immediately recused himself, and on the next business day, Monday, September 21, the matter was reassigned to Judge Casey.

**3.** This precis of Glendora's litigation history versus the Southern District of New York is included for the guidance of those jurists from Pennsylvania and other jurisdictions who have yet to make her acquaintance.

**4.** According to the docket sheet in this action, Judge Casey stayed the noticed deposition of Judge Brieant until after the disposition of the Government's pending motion to dismiss the complaint as to the two judicial defendants. This would seem to be the "robbery" referenced by Glendora in the memorandum in support of her remand motion.

*Glendora's Motion to Remand is Denied*

Glendora contends that she "cannot get justice by judges in the same court Brieant and Baer are. Res ipsa loquitur." *See* September 4, 1998 Notice of Motion to Remand, ¶ 6. She assigns this as a reason why the action should be remanded to the Westchester County Supreme Court, with no substantive action taken.

■ However, in drafting the removal statute, which provides that actions against judicial officers are to be removed to the district and division in which the state court action is pending, Congress was well aware that Federal judges could and would be sued in the districts in which they sat, and therefore that cases against them could and would be removed to the very courthouses where those judges preside. Nonetheless, Congress did not provide that this should either prevent removal or warrant remand. On the contrary, by passing 28 U.S.C. § 1442(a)(3), Congress indicated that Federal judicial officials had an absolute right to have complaints against them adjudicated in a Federal forum. Therefore, the fact that she wound up "in the same court Brieant and Baer are" does not entitle Glendora to remand this action to Westchester County Supreme Court.

■ Glendora also asserts that the action should be remanded to the New York State Supreme Court because defendants Evans and Maria did not join in the petition for removal. However, under 28 U.S.C. § 1442, as long as one Federal officer removes a case to Federal court, the entire case is removed, even if some of the defendants did not join in the original petition. *See Bradford v. Harding*, 284 F.2d 307 (2d Cir.1960); *see also, Doe v. Kerwood*, 969 F.2d 165, 168 (5th Cir.1992); *Torres v. CBS News*, 854 F.Supp. 245, 246, n. 2 (S.D.N.Y.1994). Therefore, the filing of a notice of removal by defendants Baer and Brieant was sufficient to remove the entire case.

The motion to remand is denied.

*Defendants' Baer and Brieant's Motion to Dismiss is Granted*

■ The United States Attorney, representing Judges Baer and Brieant, filed a motion to dismiss the instant action on September 3, 1998. The grounds assigned for dismissal were lack of subject matter jurisdiction and judicial immunity. Since it is clear from the face of the complaint that Judge Baer was named as a defendant due to his "ruin[ing] the case by dumping it into the White Plains federal court," and that Judge Brieant was named for "fail[ing] to adjudicate the case on its merits and dismiss[ing] it behind Glendora's back," *see* Compl. ¶ 55, both moving defendants are being sued for actions they took in their capacity as judges of this Court. Accordingly, the United States Attorney's arguments are correct, and the Court is constrained to dismiss the complaint as against defendants Baer and Brieant.

■ A suit against a Federal judge for actions taken by him in connection with his judicial duties—as this one demonstrably is—is a suit against the United States. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir.1994). Because the United States has not waived its sovereign immunity to permit suit to be brought against it, or any of its agencies, for damages for alleged constitutional torts, such actions are routinely dismissed on the ground of sovereign immunity. *See Keene Corp. v. United States*, 700 F.2d 836, 845, n. 13 (2d Cir.1983); *Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994).

■ Moreover, Federal judges are absolutely immune from claims for damages arising out of the conduct of their judicial duties. *See Mireles v. Waco*, 502 U.S. 9, 11–13, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Forrester v. White*, 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988). This immunity extends to the performance of any judicial act, which necessarily encompasses both Judge Baer's decision to transfer

Glendora's prior action to White Plains and Judge Brieant's decision to dismiss it. Because judicial immunity is absolute, Judges Baer and Brieant are entitled to invoke its protection despite plaintiff's contentions of "dumping" and "collusion."

For the above reasons, the complaint is dismissed as against defendants Baer and Brieant, with prejudice and with costs.

*Defendant Maria's Motion to Dismiss is Granted*

Attorney Maria has moved for dismissal of the complaint against him for failure to state a claim on which relief can be granted. The single reference to Mr. Maria in Paragraph 55 of the instant complaint does not make out any claim against him, under the Federal civil rights laws or otherwise. It is apparent from the official record of proceedings before Judge Brieant, which are attached to the White Plains defendants' motion to dismiss as Exhibit I, that Judge Brieant dismissed the case solely because Glendora failed to appear at a conference to argue her latest motion. Moreover, those minutes reveal that Mr. Maria was not even present in Court on that day; he sent an associate to cover the matter.

The complaint against defendant Maria is dismissed, with prejudice and with costs.

*The White Plains Defendants' Motion to Dismiss the Complaint is Granted*

■ The White Plains defendants other than Lt. Evans move to dismiss the complaint as against them on *res judicata* grounds. They assert—correctly—that the instant complaint is identical in all respects to the 1997 complaint, which Judge Griesa dismissed as to them. Glendora's appeal from the ultimate order of dismissal encompassed Judge Griesa's Order of Partial Dismissal,[5] *see* 28 U.S.C. § 1291; *Selletti v. Carey,* 173 F.3d 104, 109, n. 5 (2d Cir.1999) (quoting *Allied Air Freight, Inc. v. Pan Am. World Airways,*

*Inc.,* 393 F.2d 441, 444 (2d Cir.1968)). The dismissal of that appeal for failure to prosecute left the District Court's decision in the 1997 action intact. Judge Griesa's determination bars any further assertion of these claims against the City of White Plains, its constituent departments and Officer Fisher. *See Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979); *Commissioner of Internal Revenue Serv. v. Sunnen,* 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948); *Saud v. Bank of NY,* 929 F.2d 916, 918–19 (2d Cir.1991) (citing *Federated Dept. Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)); *In re Teltronics Services, Inc.,* 762 F.2d 185 (2d Cir.1981).

■ In the summer of 1998, prior to the dismissal of Glendora's Second Circuit appeal, Lt. Evans moved for dismissal of the instant complaint as against him on the ground that, since this action duplicated the 1997 case, and since the 1997 case was still pending as to him, there was a prior action pending within the meaning of N.Y.C.P.L.R. 3211(a)(4). Prior action pending was a valid ground for dismissal at the time the motion was filed. Since then, however, a final judgment of dismissal in favor of Lt. Evans has been entered and that judgment stands, again by virtue of Glendora's failure to prosecute her appeal. Therefore, Lt. Evans is entitled to dismissal on *res judicata* grounds as well. *See Parklane,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552; *Sunnen,* 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898; *Saud,* 929 F.2d at 918–19 (citing *Moitie,* 452 U.S. at 398, 101 S.Ct. 2424); *Teltronics,* 762 F.2d 185. The fact that the case was dismissed for failure to prosecute, rather than after an adjudication on the merits, is no bar to the application of the doctrine of former adjudication. *See* Fed.R.Civ.P. 41(b); *see also Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–32, 82 S.Ct. 1386, 8 L.Ed.2d 734

---

**5.** According to the docket sheet in this matter, Glendora attempted to appeal from Judge Griesa's order of partial dismissal, but her appeal was dismissed on July 30, 1997 as premature.

(1962); *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 896 (2d Cir.1983); *West v. Gilbert*, 361 F.2d 314, 316 (2d Cir.1966).

The White Plains Defendants' motion to dismiss the complaint is granted and the complaint against them is dismissed, with prejudice and with costs.

The Clerk is directed to enter judgment dismissing this action as against all defendants.

This constitutes the decision and order of the Court